Henderson, Chief-Justice.
 

 The act of
 
 1793, (Rev. c.
 
 384,) and the act of 1819,
 
 (Rev.c.
 
 990.) requiring clerks and masters in equity, and the other officers mentioned in them, to renew their bonds at stated periods, does not make each renewal of the bond, a new appointment to office, but the new bonds are made additional securities for the performance of the official duties of the incumbent. The office is vacated by neglecting to rene w the bond, not by doing so. The bonds thus given are cumulative; the old sureties continue bound for the performance of all the duties then resting upon the clerk, as well as for those which should thereafter arise, during his continuance in office; the neV sureties are also bound in the same manner, from the time of their executing the bonds, until the office determines. Some official duties are of a continuing character, the obligation to perform, them, remaining,until they are performed. Of duties of this kind, there may be several breaches, or rather breaches at several different times, and a breach at one time does not put an end to the official obligation, so that an
 
 *453
 
 other breach of the same duty cannot occur, Breaches of this kind, are most commonly, acts of omission, an instance of which is that assigned by the plaintiffs, viz. the non-payment of the money due the relators. , This is a continuing duty, and if not performed when an additional bond is given, it attaches upon the new bond, and also continues obligatory on the old ones. There are other acts which being once done, cannot in their nature be done again. Acts of this kind, which are breaches of duty in a clerk, being I presume, acts of malfeasance, can be only assigned as breaches of a bond in existence at the time they happened, they are not covered by bonds given afterwards. I do not intend to specify any act of this kind, but leave them for discussion when proper cases shall arise — all intended to be decided in this case is, that the neglect of the clerk and master in not keeping the money of the relators safely, and paying it over to them, or to some one authorised to receive it for them, is an act constituting a continuing violation of official duty, and may be assigned as a breach of any bond which he has given. Judgment must therefore, be rendered for the plaintiffs upon all the bonds, and must include damages, at the rate of twelve per centum per annum, upon the money due the relators, from the time of the clerk and masters neglect to pay it over. The act of 1819,
 
 (Rev. c.
 
 1002) being express upon this point, and including the sureties, as well as the officer himself.
 

 Non-payment of money, received by a clerk officially, may be assigned as a breach on any bond g-iven by him.
 

 Is the bond of a clerk and master within the act of 1810. (.Rev. c. 800.) Q.U?
 

 The act of 1810, barring actions upon certain official bonds, unless brought within six years, does not in its words, include the bond of a clerk and master, the words being
 
 “
 
 all suits on sheriffs, superior court clerks, and
 
 “
 
 clerks of the courts of pleas and quarter sessions bonds
 
 “
 
 shall be commenced,” &c. Although a clerk and master in equity, is in strictness a clerk of a superior court, yet the legislature has, from the creation of the office in the year 1787", to the present time, constantly distinguished that officer from others, by the appellation of clerk and master. Courts of justice, have adopted the same appellation, and in fact, it has become general in all classes of society. The question whether a
 
 *454
 
 clerk and master’s bond is within the act, does not arise in any of these cases, as the first money was received in March "1823, and the last suit was commenced in February. 1829., and no opinion is intended to be intimated upon it.
 

 Per Curiam. — Judgments aeeirmed..