*600
 
 Daniel, J.
 

 In the year 1812, John B. Jasper was appointed guardian to Patsey Jasper by the County Court of Hyde, and he executed a guardian bond in the penalty of $10,000, with James Cleaves, Asa Bell, and Irael Wilkerson, as his sureties. In the year 1819, the securities to the said bond petitioned the court,- under the act of Assembly
 
 (vide
 
 Rev. Stat. 312, s. 20,) and suggested in the said petition, that the guardian was acting in such a manner with the estate of the ward, that they were in danger, and they prayed the court that an order might be made, that the property of the ward might be delivered over to them, or that tho guardian should counter-secure them. The court, at February Sessions, 1820, ordered that the said guardian enter into anew bond in the penalty of $5,000; which order was performed by the guardian, and the new bond was drawn in the form of an ordinary guardian bond, and executed by Jasper as principal, and William H. Russell, James Leath and D. W. Martin as his sureties. And the court then further ordered, “ that Asa Bell and others, the sureties of Jno. B. Jasper, guardian of Patsey B. Jasper, upon the
 
 oil
 
 bond, be released from that time from their liabilities.” The ward married first a man by the name of Hawks ; suit was brought by Hawks and wife against Asa Bell, one of the sureties to the first bond, to recover the personal estate of the ward : Hawks died, his widow then married Foy, and suit was continued against Bell in the name of Foy and wife, and at December Term, 1835, of the Supreme Court,
 
 judgment
 
 was obtained for the sum of $4,-100 65 and costs; the costs were $198 09: all which moneys were paid by Bell, at June Term, 1837, of the Supreme Court, The bill states that Jasper is hopelessly insolvent. But, nevertheless, a decree is prayed against him for the whole sum as principal debtor, and also against the sureties that are alive, and the representatives of those that are dead, on both bonds, for contribution on the score of jasper’s insolvency. The defendants answer, and insist; First, that the plaintiff had released Jasper, the principal debtor, which they contend is, in this court, a release to all his sureties.
 
 Secondly,
 
 the suretiesto-
 
 *601
 
 the new bond state in the answer,- that the entire recovery against Bell, in the suit brought by Poy and wife against him, was for breaches of duty by Jasper as gu'ardian, during the time of the first bond, and when he,-Jasper, was solvent, and before they became sureties. They insist, that the bond which they executed was only intended to cover prospective breaches of duty by the guardian, and not foil those which antecedently had been committed. Richard M. G. Moore (the administrator of the two sureties, Wilkerson and Cleaves) denies that he has any assets of either of his intestates.— Martin, a surety to the second bond, died after making a will, and devised his estate'to his wife, and an infant, Julia A. E. Hays. His executor refused to qualify, and his widow and the'said infant took possession of Martin’s estate,- and are now in possession of it. The infant by her guardian answers, and admits nothing in respect of the plaintiff’s claim, but prays that the plaintiff be put to full proof &c.
 

 There is a replication to the' answers.
 

 The material allegations in the bill are all admitted by the answers of the adult defendants, or proved.by the evidence taken in the cause; There was an order made in the cause, that the deposition of Jasper, one of the defendants, might be taken to'be read for the other defendants as evidence, subject to all just exceptions. The question how far a-party is a competent witness, must always in such easés be raised at the hearing, and when the deposition is offered to be read in evidence,
 
 Lee v
 
 Atkinson,
 
 2
 
 Cox. 413.
 
 Franklin
 
 v
 
 Colquhoun,
 
 16 Ves. 218.
 
 Marcy
 
 v
 
 Shaswell,
 
 2 V. & B. 401. In the bill, Jasper is made a defendant', and a decree is prayed against him; he is therefore primarily liable to the plaintiff1. If he 'could be permitted to prove the loss of the deed of release, relied on in the answers of the defendants, he certainly could not be permitted to prove the execution and contents of the same, for he is directly interested in the event of the suit, and his being now insolvent does not alter the rule. Neither can the deposition of R. M. Moore, another defendant, be received in evidence for the other defendants, as there was no preliminary order of the court to take his
 
 *602
 
 deposition. Such an order, suggesting that he has no interest in the cause, is in all cases necessary, when the deposition of a defendant is intended to be offered, at the hearing.
 
 Mullany
 
 v
 
 Delton,
 
 1 Ball & Beaty, 423. Chitty’s Eq. Digest 1015. The answers state, that in the suit of
 
 Foy
 
 &
 
 wife
 
 v
 
 Bell,
 
 the Master reported that Jasper had used or wasted his ward’s money, to the amount oí the decree then given against Bell, before the time the order was made in the County Court that additional security should be given by him. This is true. But the court ordered Jasper, as we think, to enter into a new guardian bond, for the faithful performance of his duties of guardian from the time he was first appointed. Jasper was not then first appointed guardian ; he had been appointed long before, and had received the entire estate of his ward before that order was made.— The funds of the ward were then, in contemplation of law, in the hands of the guardian. The new bond is in the common form of a guardian bond, This was not intended to operate as collatteral security or prospectively only; the least that can be said of it is, that the obligors intended that it should operate as an additional and cumulative security to the ward, for the
 
 entire
 
 guardianship of Jasper. The old sureties prayed the court, to deliver the estate of the ward into their hads, but the interposition of the new sureties prevented that prayer being granted : had they not intervened, the old sureties might have then brought Jasper to- a settlement, and, he then being solvent, all might have been saved. The right of contribution exists between co-sureties, when the principal is insolvent, and that, whether they are so by separate instruments, or by the same instrument,
 
 Mahew
 
 v
 
 Crickett, 2
 
 Swan. 185.
 
 Daring
 
 v
 
 Winchelson,
 
 1 Cox. 318.
 
 Craylhorne
 
 v
 
 Swinburne,
 
 14 Ves. 160. But in what proportions are they to contribute
 
 1
 
 The sureties are not liable beyond the penalty of the particular bond each has signed. If Foy and wife had been damnified by the acts of the guardian to the amount of $15,000 or more, then the rule of contribution between these two sets of sureties would plainly be this,, the sureties to the old bond would have to pay
 
 *603
 
 $10,000, and those to the new bond f5,000. And the same proportions must be observed, when the sum demanded for the breaches of the conditions of the two bonds, is less than the penalty of the smallest bond. The contribution between co-sureties, who are so under separate instruments, is to be in the proportion of the penalties of the separate bond, which each set of sureties has sigued.
 
 Dering
 
 v
 
 Winchelsen,
 
 1 Cox 318. In this case the sureties to the old bond, including Bell, would have to bear the loss of-two thirds, and the other sureties to the new bond one third. Bell'has paid all the loss, and, therefore, he is entitled to have his debt established against Wilkerson’s administrator for one third of two thirds of said loss, and the samé against Cieaves’s administrator. But he has no assets. The plaintiff has not shewn by proof, that there are any assets belonging to either of the said estates. And the bill must be dismissed as to him, unless the plaintiff wishes to have an enquiry, as to the assets and the administration thereof, which he may have if he will. As to the other third of the plaintiff’s loss, for which he should be indemnified by the sureties of the second bond, it becomes necessary to ascertain, in order.to fix the liabilities of the defendants thereby sought to be charged, the value of the property which the defendants Susan Martin and Julia Ann Elizabeth Hays hold, that was devised to them respectively by Daniel W. Martin, deceased. And as to the said last mentioned defendants, there must be an enquiry, whether the amount recovered by Foy and wife against Bell was justly recovered. The cause will be retained for further directions.
 

 Per Curiam. •Ordered accordingly.