Nash, J.
 

 The defendant’s objection to making contribution is not put on the ground of his not being a party to the bond of 1823, upon which the judgment against ihe plaintiff was obtained, but upon the three following grounds:
 
 First,
 
 that he was discharged from all liability on the bonds, to which he was a part}', by the judgment of the County Court of Rutherford, when they took the bond of 1S23 ;
 
 Secondly,
 
 that, as Benjamin D. Durham was one of the obligors in the bond of 1823, with the plaintiff, and is in good circumstances, and amply able to pay his share, it was the duly of the plaintiff to follow him to the State of Mississippi, where he lived, and sue him there ;
 
 Thirdly,
 
 that more than three years had elapsed, after the wards of Hicks, or some of them, had arrived at the age of twenty one years, before they instituted their suit against the plaintiff, and he was therefore protected by the act of the General Assembly, Rev. St. Ch. G5 Sec. 7, and that he had no right to file this bill.
 

 We do not think that any of these objections can ava 1 the defendant. As to the first, if such discharge by the judgment of the County Court of Rutherford does exist, it must be a matter of record; and, without deciding, whelherthe County Court could or could not so discharge the defendant, it is sufficient to say, the defendant has produced no evidence to support the allegation. The defeii
 
 *119
 
 <]ant was not discharged by taking the bond of 1823, but his liability continued, If it did not relieve him to the extent he expected and wished, yet it certainly did relieve him to the extent of binding the sureties to the new bond to contribute to any loss, he might thereafter sustain by reason of his liability; and it has, eventually, thrown upon the plaintiff, one of the sureties to it, the first brunt of the battle.
 
 Governor
 
 v. Goman, 3 Ire. 342.
 

 As to the second objection. If Benjamin D. Durham had remained in this State and was solvent, it’would have been necessary for the plaintiff to have made him a party, that the Court, in its final decree, might adjust the loss between all the parties.
 
 Butler
 
 v.
 
 Durham.
 
 3 Ire. Eq. 589. But when one of several parties is out of the jurisdiction of the Court, and others are within it, the plaintiff, by stating the fact in his bill, is at liberty to proceed against the latter alone. This is the ordinary practice in the Court of Chancery.
 
 Spivey
 
 v.
 
 Jinkins,
 
 1 Ire. Eq. 126. And the act of 1807, Rev. St. Ch. 113 Sec. 2, expressly authorises one surety to sue another, without making the principal a party, when he is insolvent and out of the State, and the equity of the act applies to this case. It was not necessary, then, for the plaintiff to pursue Benjamin Durham into the State of Mississippi. That burthen will fall upon the defendant, if he wishes
 
 to
 
 lessen the liability, which, by the decree in this case, will rest upon him. Nor was it necessary to make the administrator of Ilicks a party. Hicks was insolvent and the administrator has left the State.
 

 As to the third objection. If the w'ards of Hicks, as is alleged, had reached twenty one, more than three years before they commenced their suit against the present plaintiff, he might, if he had so chosen, protected himself under the act limiting the time, wfithin which actions must be brought against the sureties to guardian bonds. Rev. St. Ch. 65 Sec. 7. But he did not so choose. A re
 
 *120
 
 covery has been had against him upon a just claim, and he now seeks to make the defendant bear an equal share of that just demand. It is right and proper that the law should fix a time, beyond which the sureties to a guardidianbond shall not be held liable to the claim of the wards* and the law has fixed the period at three years after their arrival at full age. The claim here is not that of the ward, but of a joint surety. There was no obligation on the plaintiff, either in law or in equity, to plead that Statute or rely upon the protection it gave him. In the case of
 
 Leigh
 
 v.
 
 Smith,
 
 3 Ire. Eq. 468, and
 
 Williams
 
 v.
 
 Maitland,
 
 1 Ire. Eq. 92 the Court decided, that an executor may or may not, at his option, plead the Statute-of limitations — nor can a legatee compel himtodo it, though, by his neglect or refusal, a liability is thrown on the latter. from which the plea would have protected him. The plaintiff, Jones, was not compelled to plead the Stalute, upon which the defendant relies. The case in 1 Hawks, 271,
 
 Johnson
 
 v.
 
 Taylor,
 
 was correctly decided, but that was an action
 
 by the wards.
 

 The guardian bonds, to which the defendant was a sure
 
 ty
 
 amounted to $3000, and that, on which the plaintiff was surety, amounted to $7000. All the bonds given by a guardian are but securities for the same thing, and the sureties upon each are bound to contribute ; but where the several bonds differ in amount, the liability of the sureties is not equal, but in proportion
 
 to the
 
 penalties of the different bonds. In this case, the sum, for which the defendant, Blanton, is liable, when compared to that, which the plaintiff ought to pay, of the sum decreed against him, is as $3000 is to $7000, and so it must be declared,
 
 Jones
 
 v.
 
 Mayes,
 
 3 Ire. Eq. 502.
 

 Per Curiam.
 

 Decree accordingly,