The parties (with others who are admitted to be insolvent) were, in person or as representatives, sureties upon one or (191) more of the four official bonds given by the Clerk and Master for Chatham County, during the years 1855, 1856, 1857 and 1858, and, some of them having been compelled to pay money on account of a default by their principal, a question arose, whether contribution could be enforced against the others, and if so, in what proportion. The principal, who is insolvent, was appointed Clerk and Master at Fall Term 1847, and was never formally re-appointed, but continued to act as such from that time until 1859. But the bonds above specified were regularly approved by the Judges presiding at the respective Terms when they were given; and among others, by Judge Caldwell, who presided at Fall Term 1855, to-wit: at the close of eight years from the time of the original appointment.
In 1857, a large sum of money came, in due course of law, into the hands of the said Clerk and Master, and a default having been committed by him, in not paying the same to the parties entitled under an order of the Court of Equity, at Fall Term 1858 suit was brought upon the bond of 1858, and thereby the above named James Moore, and others were compelled to pay, in equal proportions, the sum of $4,084.00, at Spring Term 1869 of Chatham Court.
The plaintiff claimed that he had been compelled to pay more than, upon a due account, would appear that he should, as betwixt himself and the other parties above; and that now he was entitled to contribution from them.
A demand upon the co-sureties was admitted, and all preliminary questions of fact, or of law, arising upon the above statement, the determination of which, might be necessary to a decision of the main question, were submitted to his Honor for determination.
His Honor thereupon decided that the acceptance of the bond of 1855, was equivalent to a re-appointment for the next term, or was conclusive proof of such re-appointment; and so, that the plaintiff was entitled to contribution from the sureties to the (192) various bonds given during that term: the ratio between the parties, being determined by the aggregate of the penalties of all the bonds executed by them respectively, during that term, etc.
The defendants appealed.
1. There is no record of an appointment of the C. M. in 1855, and this should be matter of record: See Rev. Code, cc. 19 and 82.
2. The act requires an appointment, and also a qualification; renewing a bond may be part of the latter, but does not supply the place of the former.
3. Rev. Code c. 77, § 4, is not intended to make officers who holdover, such, de jure. Holloman v. Langdon, 52 N.C. 49, was well argued and was decided after the passage of that act. That case cites Chairman, etc.v. Daniel, 51 N.C. 444, and distinguishes the case of a C. M., from that of a Superintendent of Common Schools.
4. Supposing that these bonds are cumulative as regards creditors, they are not so as regards the respective sureties upon them.
1. Rec. Code c. 77, § 4, constitutes officers holding over, officers de jure; they were such de facto, without its aid. The case in52 N.C. 49, shows upon its face that the attention of the Court was not called to that Statute.
2. The acceptance of the bond by Judge Caldwell, at Fall Term 1855, was virtually a re-appointment.
3. As to contribution, and ratio, Bell v. Jasper, 37 N.C. 597.
This was a case agreed, and submitted to his Honor to find the facts, and to declare the law arising upon them.
(193) He finds the facts that the principal was appointed to the office of Clerk and Master in Equity, for the County of Chatham in 1847; and that his appointment was renewed in 1851, and again in 1855.
These facts being established, (and we must say that we concur in the view of the matter taken by his Honor,) the case is relieved of all further difficulty; for it is well settled that when a term of office is for more than one year, the bonds given for a proper discharge of the duties thereof, at the time of the appointment and from time to time afterwards, are cumulative during the term of office; Poole v. Cox, 31 N.C. 69.
Per curiam.
Judgment affirmed.
Cited: Pickens v. Miller, 83 N.C. 547; Fidelity Co. v. Fleming,132 N.C. 336; Pender County v. King,197 N.C. 54. *Page 151