No. 15,865.

## THE STATE, EX REL. JASEPH, GUARTIAN, *v.* MITCHELL ET AL.

GUARDIAN AND WARD.—*Real Estate.*—*Conversion of Funds.*—*Additonal Bond.*—*Action Upon.*—A guardian of certain minor children was about to receive money resulting from the sale of real estate of the wards in another State. The court ordered the guardian to give another bond before receiving the proceeds of said sale, which he did, and after receiving the money and accounting with some of the wards when they became of age, he converted the remaining funds to his own use and left the State. The court removed him as guardian, and appointed another guardian in his stead, who instituted suit on the second bond for the money converted. The defendants answered that the bondsmen

on the first bond were solvent, and that no steps had been taken to recover the money converted from them. This answer was demurred to, and the demurrer was overruled.

*Held,* that as there is nothing to indicate any intention to make the second bond subsidiary to the first, but on its face it appears to be a primary security for the money, suit could properly be instituted on the second bond alone, or on the first and second bonds together, or on the first bond alone, as they were both primary undertakings relating to the same matter.

From the Vigo Circuit Court.

*I. N. Pierce,* for appellant.

*G. W. Faris* and *S. R. Hamill,* for appellees.

OLDS, J.—John H. Lanan was by the Vigo Circuit Court, on the 23d day of April, 1882, duly appointed guardian of Lizzie, Maggie, Arthur and Ira C. Lanan, minor heirs of one Jessie Lanan, deceased, and duly executed his bond as such guardian in the sum of $3,300, with the appellees, Isaac A. Mitchell and Wilson Naylor as sureties. The minor children were the owners of certain real estate in the State of Pennsylvania which descended to them from their grandfather, and in November, 1882, George Foliat, guardian of said minors, appointed by the orphan's court of Allegheny county, Pennsylvania, sold said real estate for the sum of $1,633.33, and for reasons satisfactory to the court the Vigo Circuit Court ordered the giving of another bond by said John H. Lanan as guardian before the receipt of said money from the sale of said real estate. The guardian acquiesced in said order, and executed a new bond in the sum of $3,400, with said appellees, Isaac A. Mitchell and Wilson Naylor, and the appellee, Louis Bressett, as sureties. The bond recites the facts relating to the ownership and sale of the land in Pennsylvania, and that said George Foliat, guardian, was about to ask said orphan's court to make an order for the payment of the amount in his hands arising from the sale of said real estate to said John H. Lanan, and the condition of the bond is as follows : "Now, the condition of this ob--

The State, *ex rel.* Jaseph, Guardian, *v.* Mitchell *et al.*

ligation is such that if the said John H. Lanan, guardian aforesaid, shall, upon his receipt of the proceeds of said sale, faithfully appropriate the same according to law, then the foregoing obligation to be void, otherwise to be and remain in full force."

The guardian, John H. Lanan, drew the money due the wards from the sale of the land in Pennsylvania, and accounted to some of the wards when they became 21 years of age for their share, and converted the portions due the other wards and left the State. The court removed him as guardian and appointed the appellant, Max Jaseph, guardian of the wards whose money had been appropriated by Lanan, and the appellant brought this suit on the second bond for the amount due the wards and received by Lanan from the sale of the land and interest. The appellee Bressett answered, setting up the facts in regard to the appointment of Lanan as guardian, the giving of the bonds, admitting the receipt and conversion of the money by him, and alleging that Mitchell and Naylor, sureties on the first bond, are solvent, and that no steps have been taken for the collection from them for the money sued for in the appellant's complaint.

A demurrer was filed to this answer and overruled, and exceptions reserved. The appellees, Mitchell and Naylor, filed a like answer, which was demurred to, and the demurrer overruled and exceptions reserved. These rulings are assigned as error, and are the only alleged errors which we can consider.

These rulings present the question as to whether or not the guardian can in the first instance maintain a suit on the second bond for the money so converted by the guardian without having first exhausted the first bond. It is manifest, we think, that the second bond was not given as subsidiary to or as security for the first bond, but was given as a primary security for the money to be received. The giving of the second bond did not annul the first, but was ad-

ditional security, both bonds continuing and both liable as security for the money received by the guardian, and taking, as we do, this view of the case, the question is settled by the decision in the case of *Allen* v. *State, ex rel.*, 61 Ind. 268. In that case the court says : " So, if there should be separate bonds, given with different sureties, and one bond is intended to be subsidiary to, and a security for, the other, in case of a default in payment of the latter, and not to be a primary concurrent security ; in such a case, the sureties in the second bond would not be compellable to aid those in the first bond by any contribution.   But, where such intention does not appear, the obligors in the second bond, as we have shown, are liable for breaches of it, either in a separate suit upon such bond or in a joint suit against them and the obligors in the first bond, upon both bonds ; and it is not necessary in this case that we inquire which, for the appellants were clearly liable upon the second bond, as a 'primary concurrent security.' "

In the case at bar there is nothing whatever to indicate any intention to make the last bond subsidiary to the first bond, but, on the contrary, on the face of the bond it appears to have been given as primary security for the money to be received from the sale of the land in Pennsylvania.   In this respect it is even stronger in support of the holding that it is a primary security than was the bond in the case of *Allen* v. *State, ex rel., supra,* and the case at bar clearly comes within the rule laid down in that case, and which we think is the true one.

In view of the conclusion we have reached, it follows that the court erred in overruling the demurrers to the answer.

Judgment reversed, with instructions to the circuit court to sustain the demurrers to the answer of the appellees.

Filed October 14, 1892.