FIDELITY AND DEPOSIT CO. OF MARYLAND v. FLEMING.

(Filed April 14, 1903.)

BONDS—*Official Bonds—Public Officers—Officers—Principal and Surety— County Commissioners—Sheriffs and Constables—Acts 1893, Ch. 300, Sec. 5—The Code, Secs. 702, 707 (28), 1874.*

A board of county commissioners can not release a surety from the official bond of a sheriff, and any other bond they may take will be cumulative during any one term of office.

ACTION by the Fidelity & Deposit Company of Maryland against S. A. Fleming, heard by Judge *Walter H. Neal,* at

February Term, 1902, of the Superior Court of GRANVILLE County.

This action was brought by the plaintiff to recover of the defendant the sum of $135, the amount of the premium alleged to be due the plaintiff for becoming surety on his bond as sheriff, and was tried in the court below upon the following statement of facts, to which the parties agreed:

1.  That the defendant was duly elected sheriff of Granville County, N. C., on August 2d, 1900, for the term of two years from December 1, 1900, and was duly inducted into the office of sheriff of said County on the first Monday in December, 1900.

2.  That the defendant applied to the plaintiff to become surety upon his bond as said sheriff, and agreed to pay the plaintiff the sum of $135 per annum as a premium, therefor so long as said defendant remained in office, unless said defendant should notify said plaintiff of his desire to cancel the same and have plaintiff legally released from all liability as such surety upon said bond during said term of office.

3.  That such notice was given, and that the Board of Commissioners of Granville County, on January 6th, 1902, made the following order: "S. A. Fleming, Sheriff, and J. F. Edwards, Treasurer, of the County, having this day filed their official bonds for the remainder of their terms of office as such Sheriff and Treasurer, and the same being accepted and approved, it is ordered by the Board of Commissioners that the Fidelity and Deposit Company of Maryland, surety on the bonds of said sheriff and treasurer heretofore filed, be, and it is hereby released from any and all liability that may arise or occur from and after this date."

4.  That the bond given by the defendant sheriff was given for the faithful performance of his duties as such sheriff during the term of said office.

5.  That the plaintiff company has been, and is now, fully

authorized by the laws of this State to write surety bonds and charge premiums for the same.

6. That said sheriff gave bond in another surety company as a renewal of his said bond as sheriff, and refused to pay plaintiff the annual premium due on his bond given by plaintiff.

Now, upon consideration of the foregoing facts, it is ordered and adjudged by the court, that said Board of Commissioners had no power or authority to release the sureties upon said bond executed by the plaintiff, and that said plaintiff is now, and remains liable upon said sheriff's bond during the full term of his said office.

It is further adjudged that the plaintiff recover of the defendant the sum of one hundred and thirty-five dollars with interest on same from February 3, 1902, and the costs of action.

The defendant excepted to the judgment and assigned as errors:

1. The ruling of the court that the Board of Commissioners had no power or authority to release the sureties from said bond executed by the plaintiff.

2. That the plaintiff is now and remains liable upon said sheriff's bond during the full term of his said office.

3. That the plaintiff company recover of defendant one hundred and thirty-five dollars with interest on same. From a judgment for the plaintiff, the defendant appealed.

*H. M. Shaw,* for the plaintiff.
*Royster & Hobgood, J. W. Graham* and *A .W. Graham,* for the defendant.

WALKER, J., after stating the facts. The only question presented for our decision is whether the Board of Commissioners had the power to release the plaintiff from any and all liability on the bond that might have arisen after the

date of the release. If it had not the power to do so, the plaintiff is entitled to recover the amount of the premium, but if it did have the power, it is not entitled to recover. This seems to have been conceded in the argument.

It will be observed that the condition of the sheriff's bond secures the faithful performance of his official duties during the entire term of his office, and this being so, and the law requires that it should be so, the surety on the bond necessarily would be liable for any default of the sheriff committed at any time during his term. *Dixon v. Commissioners,* 80 N. C., 118.

It has too often been held by this court to be now questioned that official bonds given during any one term of the officer are cumulative. The principle is clearly set forth by Pearson, C. J., in *Poole v. Cox,* 31 N. C., 71; 49 Am. Dec., 410. "We consider the principle well settled, that where a term of office is for more than one year, the bonds given for a proper discharge of the duties of the office at the time of appointment, and the new bonds given from time to time afterwards, are cumulative, that is, the first bonds continue to be security for the discharge of the duties as at first intended and the the new bonds become an additional security for the discharge of such of the duties as have not been performed at the time they are entered into. This principle is deduced from two considerations. The new bonds are not required for the relief of the sureties upon the first bonds, but are taken for the benefit of those who may be concerned in the proper discharge of the duties of the office, and when the office is to continue for more than one year it was presumed that the bonds taken at first might become insufficient from the insolvency of the sureties or other cause; hence the Legislature took the precaution to require new bonds to be given from time to time, and the courts, in order to give effect to the intention of the law-makers, consider the new

bonds not as taking the place of the old ones, but as additional thereto." *Oats v. Bryan,* 14 N. C., 451; *Bell v. Jasper,* 37 N. C., 597; *Pickens v. Miller,* 83 N. C., 543; *Moore v. Boudinot,* 64 N. C., 190; Murfree on Official Bonds, Sec. 318; Throop on Pub. Officers, Sec. 215.

It comes, therefore, to this proposition, that the plaintiff is liable for the default of the sheriff during his whole term, unless the county commissioners had the power and authority under the law to release him from liability for any default occurring from and after the date of the release.

The Board of Commissioners in the several counties possess only those powers which have been prescribed by statute and those necessarily implied by law, and no others. This is the general rule, and it has also been expressly declared by statute to be the rule which ascertains the true scope and limit of their power and authority. The Code, Sec. 702. We know of no provision by statute for the release of sureties on the bonds of public officers. Indeed, the learned and diligent counsel, who argued the case in behalf of the defendant before us, were unable to refer us to any such statute. The power, therefore, to release does not exist unless it can be implied from those powers which are conferred by law. The commissioners are authorized and required to qualify and induct into office the several officers of the county, and to take and approve their official bonds, which they shall cause to be registered. The Code, Sec. 707, Sub-Sec. 28. Provision is also made for the renewal of official bonds by the said officers before the commissioners. The Code, Sec. 1874. The sole power given by statute is to take and approve official bonds and any renewals thereof, and when this is done the commissioners have fully performed their duty and completely exhausted the power conferred.

If it be suggested that this power to release should be implied from the power to receive and approve the bond and to

sue upon it if there should be a default, the sufficient answer is that the bond does not belong to them, nor is it made payable to them, and all that is prescribed for them in connection with it by the statute is merely the duty of protecting the interests of the public for whom the bond is given. They are not even trustees of those for whose benefit the bond is taken, and really have no more interest in it than the judge or clerk of a court who passes upon and approves a bond taken in an action pending therein. Their powers and duties in this respect are very analagous.

But this court has already met the suggestion with a most conclusive answer in the case of *Commissioners v. Clarke,* 73 N. C., 258. The court says: "We think the County Commissioners had no power to release the sheriff from his liability to pay the county taxes. The commissioners are a public corporation which has no powers except such as are given by statute, and there is no statute which expressly or by reasonable implication gives it the power in question. If it were true that the Board of Commissioners was the proper relator in this action, it would not follow that it had power to release the debt. The rule that he who can recover a demand can also release it, does not apply to trustees and others who sue in another's right. An unlawful release by a trustee is disregarded in equity. *Dockery v. French,* 69 N. C., 308."

There can be no doubt as to the intention of the commissioners to release the plaintiff as surety for the sheriff, but it is not a question of intention, but one of power, and the authority to release must be derived either by expression or implication, from some statute. If the statutory power did not exist at the time the commissioners attempted to release the plaintiff, then the act of the commissioners was invalid, no matter how clearly and explicitly they expressed their intention to release. "An act which places in the power of the board of commissioners of a county the approval of the official

bonds of certain officers does not confer upon it the power to release sureties on those bonds on presentation of a new bond." Beach on Pub. Corp., Sec. 793. This principle has been adopted by many of the courts. Indeed, we have not been able to find a case deciding the contrary.

In *Sullivan v. State*, 121 Ind., 352, the court discusses this question very fully and in summing up the matter it says: "The conclusion we reach is, that the board of commissioners are only empowered to accept the official bonds of the officers, and have no authority to accept new bonds whereby sureties on the original bonds are released, and that the proceedings had before the board of commissioners for the release of Burton are without authority and void, and do not release the defendant Burton from liability on the bond." *Clark v. Am. Surety Co.*, 171 Ill., 235; *Wood v. Williams*, 61 Mo., 63.

In *Rudolph v. Malone*, 104 Wis., 472, the court says: "This court has recently decided after full consideration that county courts had no power by the taking of a new bond or otherwise, to discharge sureties from liability for either past or prospective misconduct of an executor, administrator or trustee but that such new bond, if taken, was merely cumulative. *Richter v. Leiby*, 101 Wis., 434. This being the law, it is evident that the giving of the second bond in this case in August, 1893, did not discharge the liability of any surety on the first bond."

We are referred to some authorities by the defendant's counsel to the point that if the second bond is given with the intention of releasing sureties to the first, it will have the desired effect provided the intention is clearly expressed. But these cases were decided in States where there are statutes expressly authorizing a release of sureties in certain cases and upon complying with certain conditions, and the question in the cases cited was whether the requirements of the statute had been complied with. It seems to us that there is no possible

reason for holding under the facts and circumstances disclosed in this case and in the present state of our law that the commissioners had the power to release the plaintiff as a surety for the sheriff, and that being so, it remained liable during the second year of his term of office, and for the benefit of its suretyship for that year the plaintiff is entitled to receive the stipulated compensation or premium.

The defendant's counsel referred us to several statutes of this State allowing corporations or security or indemnity companies, as they are called to become sureties on official bonds. The said Acts contain the following or some similar provision: "Any company executing such bond, obligation or undertaking may be released from its liability as surety on the same terms as are, or may be by law, prescribed for the release of individuals upon any such bond, obligation or undertaking." Acts 1893, Ch. 300, Sec. 5. It is manifest that by this provision no power to release a surety on an official bond was intended to be conferred, as there is no provision of the law for releasing individuals who may have become sureties on such bonds. The law does provide for the relief and in some cases for the release, of a surety on the bond of an executor, administrator or collector who is in danger of sustaining loss by his suretyship, but we know of no statute authorizing a release in the case of individuals who are sureties on official bonds.

There was no error in the ruling of the court below that the plaintiff was entitled to recover upon the facts submitted for its decision.

*Per Curiam.*    Affirmed.