PENDER COUNTY, NORTH CAROLINA, v. A. W. KING, Sheriff of PENDER COUNTY, and the NATIONAL SURETY COMPANY of NEW YORK; J. E. HENRY, N. H. LOCKHART, JAMES A. DEW, J. M. MARSHALL, R. E. MOORE, C. D. McGOWAN, R. L. BATTS and MRS. LORENA B. HUMPHREY, Administratrix of J. T. BLAND, Deceased.

(Filed 10 April, 1929.)

1. **Principal and Surety B a—Separate cause of action exists on each bond of sheriff given for successive terms.**

     The various bonds separately required to be given by the sheriff for the proper accounting for and paying of moneys received by him as sheriff by the provisions of C. S., 3930, impose a distinct liability on the sureties on each bond separately for the terms of office for which given, and where one is given by the same surety for the same sheriff for more than one successive term, the giving of the bond for the succeeding term does not discharge the bond previously given nor release the surety from liability thereon, and a separate cause of action lies against the surety on the bond for each term.

2. **Principal and Surety B c—Liability of surety on sheriff's bond unaffected by statutes changing salary.**

     The liability of a surety on a sheriff's bond, given under the provisions of C. S., 3930, is not affected by the fact that the sheriff, pending the life of the bond, has been put upon a salary instead of a fee basis, or the amount of his salary has been changed under the authority of a statute.

3. **Principal and Surety B c—Liability of surety on sheriff's bond when he is appointed by county commissioners.**

     Where under the provisions of C. S., 3932, the board of county commissioners has declared the office of sheriff of that county vacant for his failure to give the bonds required by C. S., 3930, and has appointed another who likewise failed to give the bonds, and has again appointed the former sheriff, who gives the necessary bonds and then qualifies, his

term is by virtue of his appointment by the board of county commissioners, and the liability of the sureties on his official bonds commences from the time of his appointment.

**4. Pleadings D c—Demurrer for misjoinder of parties and causes in action against sheriff and his sureties on bonds for successive terms.**

Where a sheriff has been elected for successive terms of office, and appointed for a third term by the county commissioners after the office for his third term had been declared vacant, an action against him and the sureties on his bonds given under the provisions of C. S., 3930, for defalcation during the successive terms is a misjoinder of parties and causes of action, and a demurrer thereto is good.

APPEAL by plaintiff from *Harris, J.,* at January Term, 1929, of PENDER. Affirmed.

Facts alleged in complaint: (1) A. W. King was duly elected sheriff of Pender County, at the general election of 1922, for a term of two years, and filed an "execution" bond, as required by law, in the sum of $5,000. He also filed a bond with the National Surety Company of New York, defendant, as surety, in the sum of $35,000, as required by law, for the collection and accounting for all county and other local taxes, and entered upon the discharge of his duties on the first Monday in January, 1923. (2) He was reëlected at the general election in 1924, for a term of two years and filed an "execution" bond, as required by law, in the sum of $5,000, and also filed a bond with the National Surety Company, defendant, as surety, in the sum of $35,000, as required by law, for the collection and accounting for all county and other local taxes, and entered upon the discharge of his duties, on the first Monday in December, 1924. (3) He was reëlected at the general election in 1926, and held over until 3 January, 1927, when the board of county commissioners of Pender County declared the sheriff's office vacant and appointed another sheriff, on account of the said King having failed to account for and settle the taxes for the year 1925, and file bond as required by law. On 4 April, 1927, the said board of county commissioners of Pender County declared the office vacant on account of the appointee of the board having failed to file bond as required by law and appointed defendant, King, sheriff, who filed an "execution" bond in the sum of $5,000, as required by law, with the National Surety Company of New York, as surety; also a bond for the faithful collection and accounting for all county and other local taxes, as required by law, in the sum of $30,000, with J. T. Bland, Sr., J. E. Henry, N. H. Lockhart, James A. Dew, J. M. Marshall, R. E. Moore, C. D. McGowan, and R. L. Batts. All of the bonds are recorded in the office of the register of deeds of Pender County. That one of the duties of the office of the sheriff of Pender County is to collect

the taxes, and the said defendant has been the only tax collector for
Pender County since he was first inducted into office on the first
Monday in January, 1923, and continued to collect taxes from 3
January, 1927, to 4 April, 1927, and thereafter.

The following taxes, etc., collected by defendant King, sheriff, have
not been accounted for by him:

| | |
|---|---:|
| Garysburg Mfg. Co., 1926 taxes, collected 4-30-27 ...$ | 5,676.57 |
| P. S. Carr, 1926 taxes..... ......... ... ....... ...................... | 158.10 |
| D. D. Sparkman, Jr., 1926 taxes, collected 6-29-27...... | 184.74 |
| Sheriff's fees ........... ......... ... . ...... ...... ...................... | 375.65 |

$6,395.06

$17.00 from Ransom Tate, col., on 1923 taxes in Union Township,
paid 31 December, 1923.

$24.73 from C. B. Bordeaux for 1922 taxes, in Canetuck Township,
paid 19 April, 1924.

$93.00 from G. Kornegay for 1923 taxes, in Burgaw Township, paid
14 October, 1924.

That the plaintiff has made demand on defendant, A. W. King, for
settlement of said amounts, and he has failed and refused to settle same.
That J. T. Bland, Sr., is dead and Lorena B. Humphrey has been
duly appointed administratrix of his estate.

The following demurrer was filed by defendants: "1. There is a mis-
joinder of causes of action, and also a misjoinder of parties defendant,
for that the complaint alleges that the defendant, A. W. King, was
sheriff of Pender County for three separate terms of two years each,
that the National Surety Company was on his bond as tax collector for
two terms, and the other defendants were sureties on his tax bond for
the term beginning 4 April, 1927, and ending the first Monday in
December, 1928, and that the individual defendants, sureties on said last
mentioned bond, are not in any way liable for, or interested in, any
alleged shortage for any time prior to the date of the bond, and for
that the National Surety Company is not interested or suable for any
alleged shortage or failure to account on the part of the sheriff for
funds that came into his hands during his last term of office. (2) For
that there is a misjoinder of causes of action, for that causes of action
are alleged growing out of the first term of office and of the second term
of office, and the third term of office of Sheriff King, whereas, the law
requires settlement to be made with the sheriff every year, and that
certainly the alleged shortages during each term of office would be
necessarily a separate cause of action. (3) There is a defect as to

parties defendant, in that the National Surety Company is not interested in the causes of action against the individual defendants other than A. W. King, and said individual defendants are not in any way interested in the causes of action alleged against the National Surety Company and A. W. King.

The court below sustained the demurrer. The plaintiff assigned error and appealed to the Supreme Court.

*C. E. McCullen for plaintiff.*
*Isaac C. Wright and David H. Bland for defendants.*

CLARKSON, J. C. S., 3930, is as follows: *"Sheriff to execute three bonds.* The sheriff shall execute three several bonds, payable to the State of North Carolina, as follows: One conditioned for the collection and settlement of State taxes according to law, a sum not exceeding the amount of the taxes assessed upon the county for State purposes in the previous year. One conditioned for the collection and settlement of county and other local taxes according to law, a sum not exceeding the amount of such county and other local taxes for the previous year. The third bond, for the due execution and return of process, payment of fees and moneys collected and the faithful execution of his office .as sheriff, shall be not more than five thousand dollars, in the discretion of the board of county commissioners, and shall be conditioned as follows:

"The condition of the above obligation is such that, whereas the above bounden .................. is elected and appointed sheriff of ............... County; if, therefore, he shall well and truly execute and due return make of all process and precepts to him directed, and pay and satisfy all fees and sum of money by him received or levied by virtue of any process into the proper office into which the same, by the tenor thereof, ought to be paid, or to the person to whom the same shall be due, his executors, administrators, attorneys, or agents; and in all other things well and truly and faithfully execute the said office of sheriff his continuance therein, then the above obligation to be void; otherwise to remain in full force and effect." The State now assesses no tax on land in a county for State purposes. In the present action the second and third bonds were given. C. S., 3931, county commissioners to take and approve bonds. C. S., 3932, duty of county commissioners when bond insufficient, etc.

"After a thorough examination of the authorities this Court held in *S. v. Martin,* 188 N. C., 119, that each bond of a clerk is liable only for defalcations occurring during the term for which the bond is given, even though the principal and surety be the same for all terms. *Stacy, J.,*

writing for the Court, said: 'Each term, like every tub of Macklinian allusion, must stand on its own bottom.'" *Gilmore v. Walker,* 195 N. C., at p. 464. *Jacksonville v. Bryan,* 196 N. C., 721.

It is settled in this jurisdiction that when the term of office is more than one year official bonds given by an officer during any one term of office are cumulative, and the new bond does not discharge the old one. *S. v. Martin, supra; Oats v. Bryan,* 14 N. C., 451; *Bell v. Jasper,* 37 N. C., 597; *Moore v. Boudinot,* 64 N. C., 190; *Pickens v. Miller,* 83 N. C., 544; *Fidelity, etc., Co. v. Fleming,* 132 N. C., 332.

The National Surety Company of New York, as surety, was liable for the alleged defalcation of Sheriff King for (1) The first term of two years—King qualified the first Monday in January, 1923 (should have qualified first Monday in December); (2) Second term of two years qualified first Monday in December, 1924. King was reëlected in general election of 1926, and held over until 3 January, 1927, and on account of not making settlement and filing bond the office was declared vacant. C. S., 3926, 3931. *Lenoir County v. Taylor,* 190 N. C., 336. The appointee of the board of county commissioners of Pender County, having failed to give bond, the office again was declared vacant and King appointed sheriff. He filed, on 4 April, 1927, an "execution" bond in the sum of $5,000, with National Surety Company of New York, as surety, and for the faithful collection and accounting for all county and local taxes as required by law a bond in the sum of $30,000, with J. T. Bland, Sr., and others as sureties.

All the taxes and fees unaccounted for by King, sheriff, appear from the record were collected in the years that the National Surety Company of New York was on his bond, except taxes $5,676.57, collected 30 April, 1927, and $184.74 collected 29 June, 1927.

The third term King held the office of sheriff, not by virtue of his election, as he failed to comply with the law and was disqualified, another was appointed and he did not qualify, and King was then appointed sheriff by the board of county commissioners of Pender County, and held the office by virtue of the statute.

It is said in *Lenoir County v. Taylor, supra:* "Upon the failure of a sheriff-elect to give bonds required by law, the board has power to elect some suitable person in the county as sheriff for the unexpired term." C. S., 3932.

The board it is presumed elected a suitable person sheriff, who did not qualify and his office was declared vacant, and King was appointed sheriff and qualified and gave the bonds required. He held by virtue of his appointment, not his election. Chapter 482, Public-Local Laws 1921, applicable to Pender County, put the sheriff and other officers on a salary basis. Section 7, is as follows: "The officers hereinbefore

mentioned shall faithfully perform all the duties of their several offices imposed upon them by law, and shall receive no other compensation or allowance whatsoever for any extra or additional service rendered to the county or State governmental agencies, and they shall be liable to all the pains and penalties now or hereafter provided for failure to perform the duties of their several offices." This act merely placed the sheriff on a salary instead of a commission basis.

In *Commissioners v. Bain,* 173 N. C., at p. 378-9, it is said: "It has been the custom in this State for the retiring sheriff to collect the taxes due on tax lists already in his hands, and this custom has the sanction of numerous judicial decisions: In *Fitts v. Hawkins,* 9 N. C., 396, *Taylor, C. J.,* says: 'A sheriff who is elected for the first time has nothing to do with the list of the preceding year before he was in office. The clerk has delivered them to his predecessor, who alone has authority to collect under them; and the law makes no provision for setting them over to the new sheriff, as in case of prisoners and writs. If he receive the lists and collect the taxes, it must be in consequence of some private arrangement between the predecessor and himself, which cannot undoubtedly bind his sureties in this form of proceeding, for if it could they would be responsible for two years instead of one (at that time sheriff's term was one year). If the sheriff is reëlected he is then bound to collect the taxes of the preceding year; but this is by virtue of his former appointment, and under the responsibility of his old bond.' " See cases cited in the opinion.

The appointment of King as sheriff by the board of commissioners of Pender County on 4 April, 1927, made him a new sheriff, he did not comply with Public-Local Laws 1927, chapter 123. Section 10 of the act, relative to other things, also increased the sheriff's salary to $4,800 per annum.

It may be noted the decisions on the questions involved are often governed by local as well as general statutes.

*The question involved:* Can *one action,* under the facts and circumstances of this case, be brought against King, for alleged defalcations, and the National Surety Company of New York, his surety, on the bonds for the first two terms mentioned and on the "execution" bond for appointment term and against J. T. Bland, Sr. (his administratrix) and others, his sureties, for the term which he was appointed and not elected? We think not.

In *Bank v. Angelo,* 193 N. C., at p. 578, citing numerous authorities, it is said: "It is well settled that where there is a misjoinder, both of parties and causes of action, a demurrer is interposed upon this ground, the demurrer should be sustained and the action dismissed."

King and his sureties all demurred to the complaint. The demurrer must be sustained. *Blackmore v. Winders,* 144 N. C., 212, is not applicable from the facts on this record.

Is Sheriff King's "execution" bond liable for fees which it is alleged that he collected as sheriff when he was placed on a salary basis? We think so.

The third bond and the form set forth by the statute requires, in clear language, payment of fees and money collected. The bond required shall not be more than $5,000. C. S., 3930, *supra.* Under Public-Local Laws 1921, ch. 482, sec. 7, *supra,* the salary basis does not affect the provisions of the bond. The statute, section 7, says "Shall be liable to all the pains and penalties now or hereafter provided for failure to perform the duties of their several offices." To the same effect is section 10 of chapter 123, Public-Local Laws 1927.

As to the second ground of demurrer, as to misjoinder of several causes of action, see C. S., 507, 516; *S. v. McCanless,* 193 N. C., 200.

As to the third ground of demurrer, as to defect of parties, see N. C. Code 1927, annotated; C. S., 511. We think it unnecessary to consider the second and third grounds of demurrer.

The demurrer is sustained as to all the defendants. For the reasons stated, the judgment below is

Affirmed.