## GRAY ET AL. *v.* AMERICAN SURETY COMPANY OF NEW YORK.

[No. 13,819.  Filed April 15, 1931.  Rehearing denied October 1, 1931.  Transfer denied October 29, 1931.  Petition for Reconsideration of ruling on petition for transfer denied November 24, 1931.]

*Emsley W. Johnson, Chester L. Zechiel, Walker & Hollett, Frank T. Brown, James M. Berryhill* and *Edwin C. Berryhill,* for appellants.

*Henry M. Dowling,* for appellee.

LOCKYEAR, C. J.—This was an action by appellee against appellants to enforce contribution from appellants on account of two certain bonds, one executed by appellee in the penal sum of $12,000, and the other by appellants in the penal sum of $70,000, as sureties for The Beech Grove State Bank to the trustee of Perry Township, Marion County, Indiana, to secure certain funds deposited by said trustee in said bank.

Appellee's complaint against appellants is upon the theory of a joint obligation wherein the appellee as surety for the bank had paid more than its equitable share of an obligation wherein the law imposes upon the appellants a duty to contribute a certain amount to the appellee.

The question to be decided in this case is presented in a number of ways. The answer to the legal question of liability of appellants under the facts found by the court will dispose of all the errors assigned by appellants without setting out the specific assignments in this opinion.

There was a special finding of facts by the court, and conclusions of law were stated thereon.

The facts found were, in substance, as follows: The Beech Grove State Bank was a public depository for funds of Perry Township, Marion County, Indiana; a depository bond of $12,000 was executed for the benefit of said bank by appellee as surety on December 31, 1920, and covered the biennial period 1921-1922; it expressly protected all public funds of Perry Township which had been, then were, or thereafter should be, deposited in said bank, received from any source whatsoever, up to the penalty of the bond; on July 23, 1921, appellants, together with Christian Schakel and Henry O. Wiese as sureties, executed a depository bond in the sum of $70,000 for the benefit of said township, the provision of which bond was substantially the same as contained in appellee's bond; the individual bond, like the surety company obligation, expressly covered all public funds of Perry Township, which had been, then were, or thereafter should be, deposited in said bank, received from any source whatever, without particular designation of any class of funds; both bonds were filed with the township board of finance of Perry Township and approved by it; the Beech Grove State Bank became insolvent, and was placed in receivership; at the time it closed its doors on April 20, 1922, it owed Perry Township a balance of $35,568.64, for public funds deposited with it as a public depository; of this sum, the receiver has paid Perry Township a total of $7,469.41, as distributive dividends; the township brought suit against appellee on its $12,000 depository bond with respect to said deficit of $35,568.64, and appellee, under compulsion of that action, paid the entire $12,000 penalty to said township; the township also brought a separate action against appellants and Christian Schakel and Henry O. Wiese on their $70,000 depository bond and recovered

judgment against them for $22,792.95, which judgment was afterwards assigned to appellants Eickhoff, Parker, Clapp, Ryker and Christian Schakel on their paying $18,691.36 to said township; the four assignees, appellants herein, subsequently received from the receiver of the bank a total of $1,422.72 in cash, which operated to reduce their net liability by that amount.

The court found appellee's just proportion of the entire surety liability was $4,491.42, or 12/82 of the whole. It actually paid $12,000, or $7,508.58 in excess of its proportion as between it and the individual sureties. For this amount, with interest, plus a proportion of the $1,422.72, received from the receiver by the four individual sureties, appellee brought this suit. Trial by the court resulted in a judgment in favor of appellee for $10,006.88. Certain of the defendants appealed.

It is the contention of appellants that the bond was executed by them for a special and specific purpose; to cover a fund deposited by the township in the bank, which fund was derived from the sale of bonds, the proceeds of which were to be used for the erection of a schoolhouse; that the sureties on the second bond executed the bond under the belief that they were only liable for said last named fund, and, when so executed by them, equity will not compel contribution by them to other sureties on other bonds.

The appellants concede that, whereas contribution is an equitable doctrine, and the equitable reason for it is that, where two people should pay the same obligation and one of them pays more than his proportion, he has a right in equity to contribution from the other party or parties so as to equalize the amount payable by each.

There is no dispute as to the reason of the rule, but the application of the rule to the case at bar causes the contention here. The case nearest in point that has

been called to our attention is *United States Fidelity, etc., Co.* v. *Naylor* (1916), 237 Fed. 314, 151 C. C. A. 20. There, a bank became a public depository of county funds, giving a surety company bond for $5,000, dated February 3, 1902, conditioned for the payment by the bank of all county funds deposited with it between January 30, 1902, and January 30, 1903. On March 3, 1902, the bank gave a second depository bond for $10,000, signed by the principal and individual sureties only. It was conditioned on prompt payment by the bank of all public funds deposited between February 1, 1902, and February 1, 1903. The bank failed owing the county $9,443.67. The county sued the surety company and recovered judgment for $6,017.30, penalty and interest, which the company paid. The bank's receiver paid the county $1,669.02. The remainder of the $9,443.67 (after deducting the surety company's and the receiver's payments), the individual sureties paid. The surety company sued the individual sureties for contribution. One of the defenses was that the defendants were not cosureties with the plaintiff. In holding this defense invalid and sustaining plaintiff's action, the court said, page 316: "The test of cosuretyship is a common liability for the same debt or burden. This liability may arise at the same time or at different times, out of the same writing or out of many writings. A common interest and a common burden alone are required to create the relation, and to enable the cosurety who has paid more than his due proportion to claim contribution from those who have paid less than their just proportion of the common liability. . . . There can, therefore, be no doubt that the bond (by individual sureties) was given to secure all deposits after January 31, 1902, until January 31, 1903. The sureties, therefore, by the express terms of the bond covenanted promptly to pay over on demand the funds of the county deposited with

the bank between January 31, 1902, and February, 1903. The bank defaulted in January, 1903. Hence the bond of personal sureties, by its clear terms, secured the same debt as the bond of the Fidelity Company. . . . The two bonds conclusively establish that each surety on each bond covenanted to pay, up to the amount of the penalty of the bond he or it signed, the entire deposits in the Toronto Bank of the funds of the county between January, 1902, and February, 1903. The bond of the personal sureties was given to secure the same debt as the bond of the fidelity company. . . . Each bond and every surety on each bond was bound by the bond he or it signed to pay, up to the penalty of the bond, to the county the debt for its deposits which has occasioned this litigation."

The appellants may have believed the bonds signed by them covered only the schoolhouse bond funds, but the bond they signed covers *"All the public money and effects and each and every part thereof, which have been, now are or which may be hereafter deposited with or received by said principal or which in any manner or from any source may have or shall come into its custody or keeping."* (Our italics.)

The law is well settled that a subsequent bond given on the receipt of additional funds is a primary obligation and not a separate and independent one, and that both the first and second bonds cover all the funds. *State, ex rel.,* v. *Mitchell* (1892), 132 Ind. 461, 32 N. E. 86; *Rush* v. *State, ex rel.* (1898), 19 Ind. App. 523, 49 N. E. 839; *Southern Surety Co.* v. *State, ex rel.* (1920), 74 Ind. App. 31, 128 N. E. 622; *Stevens* v. *Tucker* (1882), 87 Ind. 109, p. 121; *Woodworth* v. *Bowes* (1854), 5 Ind. 276; *Bond* v. *Armstrong* (1882), 88 Ind. 65. It is not material whether the sureties on either bond were aware of the execution of the other bond. *Rush* v. *State, ex rel., supra; Norris* v. *Churchill*

(1898), 20 Ind. App. 668, 51 N. E. 104; *Southern Surety Co.* v. *State, ex rel., supra; Woodworth* v. *Bowes, supra; Stevens* v. *Tucker, supra; Houck* v. *Graham* (1886), 106 Ind. 195, 201, 6 N. E. 594, 55 Am. Rep. 727; *United States Fidelity, etc., Co.* v. *Naylor, supra.*

The difference in penalty of the respective bonds did not constitute them independent or substitutionary. Its only effect was to determine the proportions in which contribution should be made as between signers of the respective instruments. *Loring* v. *Bacon* (1849), 3 Cush. (Mass.) 465, 468; *Armitage* v. *Pulver* (1868), 37 N. Y. 494, 497-500; *Bell's Admr.* v. *Jasper* (1843), 37 N. C. 597, 600, 601; *Jones* v. *Hays* (1845), 38 N. C. 502, 509, 44 Am. Dec. 78; *Jones* v. *Blanton* (1849), 41 N. C. 115, 120, 51 Am. Dec. 415; *Moore* v. *Boudinot, Exr.* (1870), 64 N. C. 190, 192; *Bright* v. *Lennon* (1880), 83 N. C. 183, 187; *Malone* v. *Stewart* (1912), 235 Pa. 99, 100, 101, 83 Atl. 607; *Fidelity and Deposit Co.* v. *Phillips* (1912), 235 Pa. 469, 474, 477, 478, 84 Atl. 432; *Moore* v. *Hanscom* (1907), 103 S. W. (Tex. Civ. App.) 665, 672.

The depository law of Indiana recognizes no classification of bonds or of funds secured thereby. The bonds given to secure public deposits secure all classes of those deposits. §§12621, 12622, Burns 1926; *Equitable Security Co.* v. *Board of Finance* (1917), 186 Ind. 650, 117 N. E. 860.

The law of this case is with the appellee. The finding of facts and conclusions of law are in harmony with this opinion.

Judgment affirmed.