EASTBURN ET AL. *v.* BOARD OF FINANCE OF UNION
TOWNSHIP OF ST. JOSEPH COUNTY.

[No. 14,806.   Filed April 2, 1935.]

*Dudley M. Shively, Walter R. Arnold,* and *John G. Yeagley,* for appellants.

*Jones, Obenchain & Butler,* for appellee.

KIME, J.—This is an action brought by the appellee, Board of Finance of Union Township, St. Joseph County, Indiana, to recover the sum of $14,127.21 and interest from the appellants as sureties on a depository bond given to secure the public money, on deposit in the Lakeville State Bank, belonging to the township at the time of the failure and closing of said bank, which bond was given in compliance with the provisions of the Public Depository Act, being chapter 222 of the acts of 1907, as amended.

To the complaint ·of the appellee there was filed a demurrer, which was overruled, which action is assigned as error here. Following a trial by the court there was a general finding for the appellee and judgment rendered in the sum of $16,027.31. Following the overruling of a motion for a new trial this appeal was perfected, assigning, in addition to the error above, that the court erred in overruling the motion for a new trial, for the reasons that the decision was not sustained by sufficient evidence; that it was contrary to law; that there was error in the admission of certain evidence and in the assessment of the amount of recovery in that it was too large. The issues had been closed by a general denial.

Appellants' first assignment of error relating to the demurrer is not available because the appellant, Wolff, did not demur to the complaint and since this assignment is jointly and not separately made by all appellants it is not available to any of

them. *Sibert et al.* v. *Copeland et al.* (1896), 146 Ind. 387, 388, 44 N. E. 305.

It appears that this bond was filed after an application had been presented to the Union Township Board of Finance and the Lakeville State Bank had been designated as a depository and that in said bond the appellee was referred to as "Union School Township Board of Finance, Union School Township." The appellants contend in their second proposition that there is nothing to show that this protected the funds deposited under the disposal of the Union Township Board of Finance of Union Township, St. Joseph County, Indiana. This objection was not made in the trial court and, consequently, this court can not consider reasons for exclusion of evidence other than those urged at the trial. *Featherstone Foundry & Machine Company* v. *Criswell* (1905), 36 Ind. App. 681, 75 N. E. 30. This effectively disposes of the contention of appellant that the bonds were wrongfully admitted in evidence on the ground that there was no identity of obligee.

If any further reason be needed we may say that the trial court at least could take judicial notice that the town of Lakeville is in Union Township, St. Joseph County, Indiana, the county in which the trial court is located, and the bond shows upon its face that the depository was a state bank, transacting business in the town of Lakeville in the County of St. Joseph.

The appellants contend further that there is in each township two separate boards of finance, one is the school township board of finance and the other is the civil township board of finance. That there are separate civil and school townships there can be no doubt, but the bond here was not entered into by either the civil or school township but by the board of finance—

the only entity empowered by law to enter into such contract, and then only for the funds of the township as a unit. The cashier of the bank testified that the bond was received by the Board of Finance of Union Township. All of the appellants signed the bond with the knowledge that the law provided that but one bond be given and that one to the board of finance, and not to either the school or civil township. The depository law, in some instances, specifically provides that bonds should be given for civil towns and school towns as is likewise true in civil cities and school cities. It evidently deliberately chose not to establish independent boards of finance for civil and school townships.

The appellants here, when they signed the bond, undertook to obtain all monies within the disposal of the Board of Finance of Union Township, St. Joseph County, Indiana. They are presumed to have known the law. They executed the bond and its infirmities, if there be such, are cured by the statute. Section 1299 Burns 1926, being §3-2512 Burns 1933, §1142, Baldwin's 1934, reads: "No . . . bond . . . taken by any officer in the discharge of the duties of his office shall, be void for want of form or substance or recital or condition . . . but the principal and surety shall be bound by such bond . . . to the full extent contemplated by the law requiring the same. . . ." Our Supreme Court, in *Equitable Surety Co.* v. *Board of Finance of Jackson Township* (1917), 186 Ind. 650, 652, 117 N. E. 860, said that "the provisions of the Public Depository Law, so far as applicable, must be read into and considered as a part of the bond which it executed as surety, just as fully as though they were expressly stated in that instrument." Also in *United States Fidelity and Guaranty Company et al.* v. *Poetker, Receiver* (1913), 180 Ind. 255, 264 and 265, 102 N. E. 372, the court said:

"It has long been the rule in this State that when a bond is given in obedience to a command of the statute a construction shall be given it which binds the obligors to the performance of the conditions which the statute declares it shall contain even though the bond does not specifically so provide. The rule has been applied to personal sureties who have obligated themselves for accomodation without pecuniary reward."

"That it is the settled. policy of the State to fix the conditions of bonds required by statute and to hold sureties thereon to the performance of the conditions named, clearly appears from statutory provisions."

Paraphrasing what the court said in *Gray* v. *American Surety Co.* (1931), 93 Ind. App. 377, 382 and 383, 175 N. E. 686, we find that the appellants may have believed the bond signed by them covered only the funds of the school township but the bond they signed covered "All the public money and effects and each and every part thereof, which have been, now are or which may be hereafter deposited with or received by said principal or which in any manner or from any source may have or shall come into its custody or keeping." Thus we conclude that the court did not err in holding the appellants liable for the full amount of the deposit.

As to whether or not there should have been a demand made, prior to the institution of this suit, upon the bank, as contended in appellants' fifth proposition may we say that the law does not require the doing of a useless thing and to have made a demand upon the insolvent bank here would certainly have been of no avail. The bank was not then in a position to comply if such a demand had been made and under the authority of *Gagnon* v. *Baden-Lick Sulphur Springs Company* (1914), 56 Ind. App. 407, 416, 105 N. E. 512 and *Liberty High School Dist., etc.* v. *Currie*

*et al.* (1931), (Neb.), 240 N. W. 286, 287, we hold that such demand was not necessary. Upon the closing of the bank the liability of the appellants became absolute for the full amount of the penalty of their bond.

As to appellants' last contention as to whether the appellee was entitled to interest we quote from the case of *Talley* v. *State* (1915), 121 Ark. 4, 12, 180 S. W. 330, as follows: "The only remaining contention is that the court erred in adjudging the payment of interest from the time of the bank failure up to the time of judgment. The rule is invoked that interest does not run on a liability against an insolvent corporation while in the hands of a receiver, and that the sureties are not liable to any greater extent than the principal would be liable. The purposes of the statute authorizing the deposit of public funds is to give the county a speedy and efficacious remedy for the recovery of the deposit, regardless of the financial condition of the depositary. The right of action against the sureties became complete when demand was made for the payment of the funds, or what was equivalent thereto, the failure of the bank. Therefore the liability of the sureties included interest on the amount which was due. Any other rule would allow the sureties to take advantage of the wrong of the principal by postponing the turning over the public funds."

The application of the act of 1933, Chapter 78, to this case has not been presented to us. We are not apprised as to whether or not the appellants are released by virtue of said act.

Finding no reversible error the judgment of the St. Joseph Superior Court, No. 2 is in all things affirmed and it is so ordered.