(March 24, 1908.)

**J. B. PERKINS et al., Respondents, v. C. E. M. LOUX, as Mayor, et al., Appellants.**

[95 Pac. 694.]

SALOON LICENSE—TRANSCRIPT—MOTION TO STRIKE—CITY COUNCIL—MANDATE TO COMPEL ISSUANCE OF LICENSE—STATUTORY RIGHT OR PRIVILEGE—ALLEGATIONS OF COMPLAINT—MOTION TO STRIKE PARTS OF ANSWER—GRANTING LICENSE—DISCRETION OF COUNCIL—CHARACTER OF LICENSEE—PEACE AND GOOD ORDER OF CITY.

1. Under the provisions of rule 17 of the rules of this court, when it is desired to raise objections to transcript, statement, the bond or undertaking on appeal, or notice of appeal or its service, or any objection to the record affecting the rights of the appellant to be heard on the points of error assigned, such objections must be taken at the first term after the transcript is filed in order to have them considered.

2. Where a plaintiff desires to avail himself of a statutory privilege or right to be granted on the facts set forth in the statute or ordinance, such facts must be alleged in the complaint.

3. Under the law and the provisions of the ordinance of the city of Pocatello, the city council has some discretion in granting liquor licenses, and it may refuse to grant a license to disreputable characters whose conduct of the liquor business would be dangerous to the public peace and quiet of the city.

(Syllabus by the court.)

APPEAL from the District Court of Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

Proceeding to compel the mayor and city council of the city of Pocatello to grant a retail liquor license to plaintiffs. Judgment for plaintiffs. *Reversed.*

Robt. M. Terrell, and Standrod & Terrell, for Appellants.

"The court or courts charged with the duty of issuing licenses is vested with a sound judicial discretion, to be exercised in view of all the facts and circumstances of each particular case in granting or refusing the license applied for." (*Crowley v. Christensen*, 137 U. S. 86-95, 11 Sup. Ct. 13, 34 L. ed. 620; *Perry v. City Council*, 7 Utah, 143, 25 Pac. 739, 11 L. R. A. 446; *State v. City Council Cheyenne*, 7 Wyo. 417, 52 Pac. 975, 40 L. R. A. 710; *Plum v. Christie*, 103 Ga. 686, 30 S. E. 762, 42 L. R. A. 181; *Sherlock v. Stuart*, 96 Mich. 193, 55 N. W. 845, 21 L. R. A. 580; *In re Hoover*, 30 Fed. 51; *In re Sparrow*, 138 Pa. St. 116, 20 Atl. 711; *United States v. Ronan*, 33 Fed. 117; *Perkins v. Ledbetter*, 68 Miss. 327, 8 South. 507; *Batters v. Dunning*, 49 Conn. 479; *Ailstock v. Page*, 77 Va. 386; *Wells v. Torrey*, 144 Mich. 689, 108 N. W. 423; *Ex parte Clark*, 69 Ark. 435, 64 S. W. 223; *Commissioners v. Commissioners of Robeson Co.*, 107 N. C. 335, 12 S. E. 92; *Hillsboro v. Smith*, 110 N. C. 417, 14 S. E. 972; *Raaf v. State Board*, 11 Ida. 707, 84 Pac. 33.)

If there is a reasonable discretion in the city council to grant or refuse a particular application, its decision is not subject to be controlled or reviewed by the courts, and will not be interfered with except where arbitrary action on its part is made to appear. (23 Cyc. 136, 137; *Hopson's Appeal*, 65 Conn. 140, 31 Atl. 531; *In re Henery*, 124 Iowa, 358, 100 N. W. 43; *Thompson v. Koch*, 98 Ky. 400, 33 S. W. 96; *Cooper v. Hunt*, 103 Mo. App. 9, 77 S. W. 483; *Reed's Appeal*, 114 Pa. St. 452, 6 Atl. 910; *State v. Bonnell*, 119 Ind. 494, 21 N. E. 1101; *State v. Northfield*, 94 Minn. 81, 101 N. W. 1063.)

Gray & Boyd, for Respondents.

In the absence of express legislative authority, the trustees of a city "are vested with no discretion as to the granting

of liquor licenses, but must issue a license to anyone comply-ing with the requirements.'' (*Henry v. Barton,* 107 Cal. 535, 40 Pac. 798; *City of Rome v. Duke,* 19 Ga. 93; Dillon Municipal Corp. 89; *Frazee's Case,* 63 Mich. 396, 6 Am. St. Rep. 310, 30 N. W. 72; *Perry v. City Council,* 7 Utah, 143, 25 Pac. 739; *Potter v. Village of Homer,* 59 Mich. 8, 26 N. W. 208; *Ex parte Levy,* 43 Ark. 42, 51 Am. Rep. 550.)

No motion whatever was or should be necessary to keep the court from considering matters outside the record. If the minutes of the district court are not a part of the record on appeal, the court should not consider them and decide the question based upon them merely because they happen to be printed in the record. (*In re Page's Estate,* 12 Ida. 410, 86 Pac. 273; *Williams v. Boise Basin Min. Co.,* 11 Ida. 233, 81 Pac. 646; *Ramsey v. Hart,* 1 Ida. 423; *Ray v. Ray,* 1 Ida. 705; *Graham v. Linehan,* 1 Ida. 780; *Swanson v. Groat,* 12 Ida. 148, 85 Pac. 384.)

SULLIVAN, J.—This is an action commenced in the dis-trict court for a writ of mandate to compel the city council of the city of Pocatello to issue a license to the respondents to sell liquors at retail in said city. The complaint alleges the partnership of the plaintiffs, the corporate capacity of the city and that the defendants are its officers; the application for license, ordinances under which the same was asked and the refusal to grant the license. A general demurrer was interposed, which was overruled and defendants answered. On motion a large part of the answer was stricken out. Thereafter evidence was submitted by both parties and find-ings of fact and conclusions of law made and judgment en-tered in favor of the respondents. This appeal is from the judgment on the judgment-roll alone.

A motion to strike out portions of the transcript has been interposed, but it is contended by counsel for appellants that said motion comes too late, as the transcript was filed on the 9th of November, 1907, and the case was for hearing at the November term of this court, and as this motion was not made until the February term of the court, it came too late under

the provisions of Rule 17 of the rules of this court, which rule provides that objections to the transcript, statement, the bond, undertaking on appeal, etc., or any objection to the record affecting the rights of the appellants to be heard on the points of error assigned, must be taken at the first term after the transcript is filed. We think the contention of counsel for appellants is correct and must be sustained, as motions of this kind must be made under said rule at the first term after the transcript is filed.

The overruling of the demurrer to the complaint is assigned as error. The demurrer goes to the seventh paragraph of the complaint, which is as follows:

"That on the 7th day of May, 1907, said Perkins & McCarty duly petitioned said Council as required by said Ordinances, to issue to them a license for three months as retail dealers in spirituous, vinous and malt liquors. Said retail liquor business to be conducted upon Lot Eighteen, in Block 372, in the City of Pocatello, Bannock County, Idaho, at what is known as the Tupper House on South First Avenue.

"And said petition being then and there signed by not less than a majority of the property owners and tenants of property owners of the said Block in which it was so intended to conduct said business, and said petition also being accompanied by $126.00."

It is contended that the allegations in said paragraph are not sufficient, for the reason that the petition required to be presented is not alleged to have been signed by a majority of the property owners and tenants of property owners of the block in which it was intended to conduct said business, the alley being the dividing line of the block. It is contended that the allegation in the complaint alleges that the petition presented was signed by not less than a majority of the property owners and tenants of property owners in the block in which it was intended to conduct said business, but it does not allege that the signers of said petition are property owners and tenants of property owners residing in the block where such business is to be conducted, the alley being the dividing

line. A part of sec. 115 of the ordinances of the city of Pocatello is as follows:

"All applications for such license shall be made by petition to the city council, said petition to be signed by not less than the majority of property owners, and tenants of property owners, residing in that block in which it is intended to conduct the business for which the license is sought. The alley being the dividing line of the block."

That section provides that no license shall be issued except on the conditions named therein, the presentation of a petition signed by a majority of the property owners and tenants thereof, residing in the half block where such business is to be carried on. The clear intent of the language used in said ordinance is that the petition required to be presented to the city council must be signed by a majority of the property owners or tenants of property owners residing in the half block where said business is to be conducted. That being true, the demurrer should have been sustained, for the reason that the complaint fails to state a cause of action, for when one claims a right under the statute, he must allege all the facts required by the statute in order to bring himself within its provisions. This court held in *Sherwood v. Stephens*, 13 Ida. 399, 90 Pac. 343, that where a pleader wishes to avail himself of a statutory privilege or right to be granted on particular facts, such facts must be alleged in the complaint. The court, therefore, erred in overruling the demurrer. The demurrer should have been sustained.

It is next contended that the court erred in striking out certain portions of the affirmative matter set forth in the answer. The court evidently struck out said part of the answer on the theory that if the proper petition was presented to the city council, it was compulsory upon the council to grant the license. Under the amendatory act of sec. 73 of an act concerning the organization, government and powers of cities and villages, approved March 15, 1907, it is provided that in addition to the powers theretofore granted to cities and villages under the provisions of law, that any city or village may, by ordinance or by-law (subdiv. 8, p. 518), "Li-

cense, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor.'' Under those provisions the council of Pocatello, by sec. 114 of its ordinances, provided that it shall be unlawful to sell, barter, deal or otherwise dispose of spirituous, vinous, malt or other intoxicating liquors without first having obtained a license therefor. A part of the provisions of ordinance, sec. 115, is above quoted, and requires the application for license to retail liquor to be made by petition, etc. Sec. 116 of said ordinances provides that upon the granting of the license petitioned for, the applicant shall pay to the treasurer the license fee and thereafter the clerk shall issue the license. The question is then presented whether under the law and the provisions of said ordinances the city council had any authority whatever to refuse a license in case a proper petition was presented. The language of the ordinance we do not think is mandatory, and sec. 116 provides that ''Upon the granting of the license petitioned for,'' etc., but does not provide that it must be granted to disreputable characters whose conduct of the business would menace the peace of the city. It does not provide that the license must be granted upon presenting the petition. If the city council had no discretion in the matter, but must grant the license, the ordinance in question would have provided that upon filing a proper petition a license must issue.

That part of the answer stricken out on motion was to the effect that the application for such license by the plaintiffs was made for the sole use and benefit of one Joseph Murphy, who had theretofore been refused a license; that during the years 1904 and 1905, said Murphy was engaged in the retail business in the city of Pocatello; that he operated and conducted a dance-hall therein, in which congregated a large number of lewd woman and immoral men, and thugs, highwaymen, holdups and thieves were suffered and allowed to congregate for the purpose of plying their vocation and fleecing such victims as might venture therein; that the place of business of said Murphy became a menace to the morals of the young men and boys of the city of Pocatello and

notorious throughout the southern part of the state, to the great shame and disgrace of said city; that said place of business was commonly known and referred to as ''Honky-tonk,'' and under such name became notorious as an immoral and disreputable place, and one highly dangerous to the morals of the city. The part of the answer stricken out contained other allegations in regard to the disreputable character of said Murphy.

We are satisfied that under the law and the provisions of said ordinances, the city council had some discretion in granting licenses, and it was their bounden duty to refuse to grant a license to anyone of such character as said Murphy was alleged to be, and the court erred in striking that part of the answer. They were not obliged to grant a license to anyone who would conduct a resort that would be dangerous to the public peace and quiet of their city. In *Perry v. City Council of Salt Lake City,* 7 Utah, 143, 25 Pac. 739, 11 L. R. A. 446, it was held that the city council of Salt Lake City, under a power given them by law to license, regulate and tax the sale of intoxicating liquors, had discretion to refuse a° license, notwithstanding the applicant has complied with the ordinance with respect to the petition, bond, etc., where no previous ordinance has specified the persons to whom nor the places where licenses may be granted. This class of legislation for the regulation of the sale of liquor, is to protect society from the evils attending it. The benefit of the dealer is not the chief end of such laws and regulations, and to intrust the privilege of selling intoxicating liquors to such persons as the allegations of the answer showed the person for whom such license was intended would be a menace to the peace and good order of the city. There is no inherent right in a citizen to sell intoxicating liquors at retail. It is a business attended with danger to the community, and it is recognized everywhere as a subject of regulation. (*Crowley v. Christensen,* 137 U. S. 86, 11 Sup. Ct. 13, 34 L. ed. 620.) We therefore conclude that the city council has a reasonable discretion in granting such licenses.

The judgment is reversed and the cause remanded. Costs are awarded to the appellant.

Ailshie, C. J., concurs.

STEWART, J., Dissenting in part.—I dissent from that part of the opinion of the majority of the court, in which it is held that under the ordinances of Pocatello, the city council had a discretion in granting or refusing a license. Section 73 of an act approved March 15, 1907 (Laws 1907, p. 509), provides: "In addition to the power hereinbefore granted to cities and villages under the provisions of this chapter, any city or village may by ordinance or by-law"; and then follows subdivision 8 of section 15, in part as follows: "License, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor." This statute empowers cities and villages by ordinance to license, regulate and prohibit the liquor traffic, but it does not grant to cities or villages the power to regulate or prohibit the sale of liquor independent of an ordinance. In this case the city council having passed an ordinance regulating the sale of intoxicating liquors, the petitioners were entitled to a license upon complying with said ordinance. The city council had no authority to reject the application upon grounds and conditions not covered by the ordinance. Had the city desired to prohibit a certain class or certain individuals from selling liquors, the council should have provided for the same in the ordinance; in other words, I hold that the power with reference to the liquor traffic must be exercised by ordinance and not independent of ordinance.