[Civ. No. 6928. Second Appellate District, Division Two.—December 28, 1931.]

C. H. HARTKE, Respondent, v. F. C. ABBOTT, Appellant.

Patrick F. Kirby for Appellant.

Woodruff, Musick & Hartke for Respondent.

FRICKE, J., *pro tem.*—Plaintiff brought action upon a promissory note. A demurrer was sustained to the answer and, an amended answer having been filed, a demurrer to the latter pleading was sustained without leave to amend. From the judgment consequent to this ruling the defendant appeals.

Having elected to amend his answer appellant waived his right to object to the order sustaining the demurrer to the original answer. It would be anomalous for a defendant to join issue by an amended answer, go to trial on the merits on issues chosen by himself and then, when the cause was decided against him, assign error because of a ruling on an answer not involved in the trial and judgment.

The question is, therefore, as to the sufficiency of the amended answer. This pleading sought to set forth that the note had been obtained by fraudulent and false representations, to wit: That the plaintiff was "short of money" and that unless the defendant would execute to the plaintiff the note set forth in plaintiff's complaint he would be unable to advance any more money, and that if defendant would exe-

cute the note plaintiff would be enabled to use it as collateral security and that plaintiff would advance further money to the defendant and would return the note before maturity. The statements that the plaintiff would, if he received it, be enabled to use the note as collateral security and that he would be unable to advance any further money, cannot be considered as, and are not representations of facts which could be material or relevant to the giving of the note. The alleged promises are not statements of fact and are not supported by any alleged consideration. The allegation that the note would be returned fails to allege any condition for its return and is inconsistent with the allegation that it might be used as collateral security. Finally, the nearest approach to a representation is that contained in the allegation that plaintiff represented he was "short of money". Such a statement is entirely too indefinite to be considered as a statement of fact which could be relied upon as the inducing cause of a financial transaction and, indeed, may be a mere platitudinous statement of a chronic condition of most mortals.

While the answer alleges that defendant relied upon the alleged representations and believed them there is absent the necessary allegation of a causal connection between the representations and the giving of the note. Furthermore, there is no allegation that the defendant did not receive the amount of the face of the note as a consideration therefor. Appellant argues that he was a mere accommodation maker, but the argument finds no basis in any allegation in the amended answer filed. The same may be said of the claim that the plaintiff was the "mere agent" of the defendant. The trial court properly sustained the demurrer and, in view of the fact that no meritorious defense appeared to be urged, and that there is no evidence of any showing to the trial court that the objection raised could be met, it was proper for the court to sustain the demurrer without leave to amend.

Appellant contends that the court erred in allowing any attorney's fees as a part of the judgment. This argument is based on the contention that, though the note provides for attorney's fees, the respondent is an attorney at law, that the law firm of which he is a member are his attorneys of

record and that in fact respondent was appearing *in propria persona*. This contention is without merit.

█ Appellant assigns as error the allowance by the court of the sum of $301 as attorney's fees while, though the note provided for ten per cent attorney's fees if collected by suit, the complaint demanded only $200 as attorney's fees. "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint" (Code Civ. Proc., sec. 580). The allowance of an excess over $200 for attorney's fees was therefore erroneous.

The judgment is modified by reducing the amount allowed for attorney's fees to two hundred ($200) dollars, and as so modified is affirmed.

Works, P. J., and Craig, J., concurred.