UNITED STATES BUILDING & LOAN ASS'N v. MID-VALE HOME FINANCE CORPORATION et al.

No. 5462. Decided June 25, 1935. (46 P. [2d] 672.)

For former opinion, see 86 Utah 506, 44 P. (2d) 1090.

*Budge, Parker & Romney,* of Salt Lake City, for appellant.

*Geo. G. Armstrong, J. B. Smith,* and *O. W. Carlson,* all of Salt Lake City, for respondents.

ELIAS HANSEN, Chief Justice.

The unit holders and cross-appellants have filed a petition for rehearing. One of the grounds urged for the rehearing is that this court was in error in refusing to pass upon the question of whether or not the unit holders were entitled to a homestead in and to the property which they contracted to purchase from the Midvale Home Finance Corporation. *United States Bldg. & L. Ass'n* v. *Midvale Home Finance Corp. et al.,* 86 U. 506, 44 P. (2d) 1090, 1095. In the answer to the unit holders' petition for a rehearing, the plaintiff joins in the request that we dispose of the unit holders' claims that they are entitled to home-

steads in and to the property involved in this litigation. Both sides urge that unless the claims of the unit holders with respect to homesteads be disposed of on the present appeal, further and additional litigation may be necessary before the rights of the parties are finally determined. If the record before us were sufficient to dispose of such question we, of course, would do so, but such is not the record. Nowhere in the pleadings filed in the court below were the claims of homesteads asserted. In the answers filed by the unit holders it appears that at the time they entered into the contracts for the purchase of a part of the property in question they resided in various parts of this state and some without the state. The record is silent as to where others resided, either at the time the contracts with the unit holders were executed or at the time of the trial. The benefits of homestead exemptions are not available to "nonresidents or persons about to depart from this state with the intention of removing their effects therefrom." R. S. Utah 1933, 104-37-16. As to some of the unit holders, the record is silent as to whether they are married or single and as to whether or not they are heads of families, or if any of them are heads of families the number in the family. The record is likewise silent as to whether any of the unit holders have or have not already selected a homestead and if so the value thereof. Such being the state of the record before us, it is impossible to dispose of the unit holders' claims of homesteads. Moreover, in cases such as this, our jurisdiction is limited to reviewing the case made in the court below. We may not determine questions not within the pleadings and not heard or determined by the trial court. We, therefore, express no opinion whatsoever touching the unit holders' claims of homesteads nor as to what effect, if any, their claims of homesteads, if established, would have upon their claims of priority over the claims of the receiver, the mortgage and the mechanics' liens here in litigation. Contrary to what is urged on behalf of the unit holders, we disclaim any intention by this opinion of overruling or

in any way modifying the doctrine announced in such cases as *Kimball* v. *Salisbury,* 17 Utah 381, 53 P. 1037; *Bunker* v. *Coons,* 21 Utah 164, 60 P. 549, 81 Am. St. Rep. 680; *Folsom* v. *Asper,* 25 Utah 299, 71 P. 315; *Volker-Scowcroft Lumber Co.* v. *Vance,* 36 Utah 348, 103 P. 970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124; *Hansen* v. *Mauss,* 40 Utah 361, 121 P. 605; *Crosby* v. *Anderson,* 49 Utah 167, 162 P. 75; *Giesy-Walker Co.* v. *Briggs,* 49 Utah 205, 162 P. 876; *Antelope Shearing Corral* v. *Con. Wagon & Mach. Co.,* 54 Utah 355, 180 P. 597; and *Payson Exchange Sav. Bank* v. *Tietjen,* 63 Utah 321, 225 P. 598. What we do hold is that the homestead claims of the unit holders are not before us for review and may not be raised for the first time in this court, especially where, as here, there is neither pleading nor proof to guide us in reaching a proper conclusion with respect to such claims.

It is next urged that in the opinion heretofore rendered we are in error in holding that the unit holders having jointly assigned error, their rights to prevail are measured and determined by the date when the last unit holder's contract was entered into. The case of ■ *Sweatman* v. *Linton,* 66 Utah 208, 241 P. 309, is cited as announcing a contrary doctrine. We have examined the opinion in that case, together with the assignments of error filed therein as appear in the abstract which is on file in the State Law Library. Such abstract shows that the defendants in that case separately assigned errors. The case is authority for the doctrine that upon a joint appeal the judgment against joint appellants may be reversed as to some and affirmed as to others. However, neither the opinion when read, nor when considered in connection with the assignment of errors filed therein, announced a doctrine contrary to that announced in the case of *McGuire* v. *State Bank of Tremonton,* 49 Utah 381, 164 P. 494.

In the original opinion it is said that:

"There is no evidence which shows or tends to show that the lien claimants had knowledge of the contracts held by the unit holders."

In the petition for rehearing it is contended that the foregoing statement is not in harmony with the evidence. Possibly the statement complained of is too broad. There is evidence which shows that some of the lien claimants at about the time they began to furnish materials knew that it was contemplated by the Midvale Home Finance Corporation to sell the various homes in units. The statement complained of, however, is in no sense controlling, and therefore need not be further discussed.

There are other reasons urged why a rehearing should be granted. We have examined the record in the light of what is urged upon a rehearing. The other matters so urged are discussed in the original opinion. No useful purpose could be served by repeating what is there said.

The petition for a rehearing is denied.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.