## ZION'S SAV. BANK & TRUST CO. v. MOUNTAIN-LAKES POULTRY FARMS, Inc., et al.

No. 6085.   Decided March 12, 1940.   (100 P. 2d 212.)

*Wootton & Elsmore,* of American Fork, for appellants.

*Thomas & Thomas,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

At the outset of this case we are confronted with a motion by respondent, Zion's Savings Bank & Trust Company, to dismiss the appeal on the ground that all the adverse

parties have not been properly served (if at all) with notice of appeal. The record, if not corrected would fail to show proper notice of appeal upon alleged necessary . parties thereto. Appellants have filed a motion in this court for permission to correct the errors, if any exist. Their motion is directed merely to so amend the record as to show proper service of such notice on the parties in question. Under Sec. 104-41-21, R. S. U. 1933, this court may permit "an amendment, or the proper act to be done" where a party has in good faith given notice of appeal but has failed "through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, or to stay proceedings." Without deciding whether appellants had, absent these corrections, failed to perfect their appeal, we feel that they have shown sufficient reason under the quoted statute to be permitted to make the corrections necessary to meet respondent's objection. Their motion so to do should be and is granted. Consequently, respondent's motion to dismiss is denied.

In July 1930, the Mountain-Lakes Poultry Farms, Inc., executed and delivered to respondent its promissory note in the sum of $7,000, together with a mortgage to certain realty to secure the same. Before the note was delivered, it was endorsed by John H. Wootton, J. Tracey Wootton, and D. E. Jenkins. Some time later, to further secure the payment of the note, D. E. Jenkins and J. Tracey Wootton pledged to the bank certain stocks and bonds. Subsequently, another note for $300 was executed and delivered to the bank by Mountain-Lakes Poultry Farms, and the collateral pledged for the payment of the first note was repledged to secure payment of the second note.

The notes not having been paid, the bank filed suit to recover the amount due thereon, with interest, and to foreclose the mortgage and pledge given to secure payment thereof. Appellants answered jointly and set up as an affirmative defense that there had been a material alteration in the notes. As a further defense, and by way of counterclaim,

appellants alleged that the bank had, prior to commencement of the action, "appropriated and converted to its own use, the securities, stocks and bonds mentioned and described in said pledge agreement by then and there asserting ownership and claiming to be the owners" thereof; that said securities were the property of D. E. Jenkins and were converted without his consent and against his will; that the actual value of the securities was $60,000, and that "defendant D. E. Jenkins has been damaged in the amount of $60,000.00 in the premises and by reason of said unlawful conversion by the plaintiff above mentioned." Then followed a prayer that the complaint be dismissed with prejudice and that "the defendant D. E. Jenkins have judgment against the plaintiff in the sum of $60,000.00."

The bank filed a motion to strike the counterclaim on the ground that "the same is not a proper counterclaim to the action, nor pleadable as such." Subsequently, it interposed a demurrer to the counterclaim on the ground that the cause of action stated therein was not pleadable "as a counterclaim to the action." The trial court sustained the demurrer and granted the motion to strike.

An amended answer and counterclaim were thereupon filed. To the amended counterclaim respondent demurred upon several grounds, among them that it did not state facts sufficient to constitute a cause of action. The bank also demurred to the amended answer on the ground that it did not state facts sufficient to constitute a defense.

The court sustained the demurrer to the counterclaim as amended, whereupon the appellants filed a second amended answer and counterclaim. The allegations of the answer were not changed, but the counterclaim was substantially modified. It starts out by stating that "by way of counterclaim the said defendant, D. E. Jenkins, alleges;" and while at one place in the counterclaim it is alleged that the "defendants are informed and believe," etc., nevertheless the property allegedly converted is asserted to be the property of D. E. Jenkins and judgment in his behalf only is prayed

for on the counterclaim. Both sides have treated this counterclaim as a separate one, brought by the defendant D. E. Jenkins individually. Hence, this court will so construe it.

Respondent demurred to the second amended answer and counterclaim on the same grounds as interposed to the first amended answer and counterclaim. The court sustained the demurrer to the counterclaim without leave to amend, and the same was dismissed without prejudice.

After the court dismissed the second amended counterclaim, the bank filed its reply to appellants' answer. The reply denies the allegations of the affirmative defense and pleads matters in confession and avoidance and denies each allegation of the answer to the second cause of action. At the trial the appellants failed to appear. After the introduction of evidence by respondent the court made findings of fact and conclusions of law in favor of the bank. Judgment was entered for foreclosure of the mortgage and pledge and for a deficiency judgment, pursuant to the statutes of this state.

The Mountain-Lakes Poultry Farms and D. E. Jenkins appeal jointly, and jointly assign numerous errors. The assignments may be grouped under two general heads: (1) Alleged errors committed by the trial court with respect to appellants' answers to the complaints of respondent; and (2) alleged errors having reference to the counterclaims filed by appellants. We shall consider them in that order.

In Assignment No. 8 appellants allege that "the court committed error in sustaining plaintiff's general demurrer to defendants' and appellants' amended answer to the plaintiff's first and second causes of action." An examination of the record reveals that the court, in a minute entry entitled "Court's Ruling" stated (in addition to reciting the court's ruling on the demurrer to the second amended counterclaim): "Having been taken under advisement, March 18, 1938, Court now rules as follows: Plaintiff's general demurrer to defendant's Amended Answer in first and second Causes of Action, sustained." On the day on which the

minute entry was made the court signed a written order sustaining the demurrer to the counterclaim, without leave to amend and dismissing the same.

No mention of the ruling on the demurrer to the answer was made in the written order of the Court. Respondent bank proceeded as though the demurrer to the answer had been overruled. It filed a reply thereto and served a copy on appellants, and the case came on for trial several days later. The court made findings of fact and entered conclusions of law and a decree in which it was stated that the case came on for trial "upon the complaint of the plaintiff, the second amended answer of the defendants, Mountain-Lake Poultry Farms, Inc., and D. E. Jenkins, and the plaintiff's reply thereto." The findings, conclusions and decree were served on appellants. No steps were thereafter taken by the latter to set aside the judgment and reopen the case to permit them to introduce any evidence.

Appellants' contention is that the trial court sustained the demurrer to the second amended answer, as evidenced by the minute entry; that such ruling was error—as were the subsequent proceedings in which the case was heard on its merits. Respondent urges that the minutes of the court do not constitute a part of the judgment roll and since this appeal is only on the judgment roll the minutes should be disregarded and the order itself, together with the judgment of the court, should be conclusive as to the court's ruling on demurrer.

Sec. 104-30-14, R. S. U. 1933, which states what shall constitute the judgment roll, makes no mention of the court's minutes. In other jurisdictions, with statutes similar to ours, it has been held that the court's minutes *as such* do not form a part of the judgment roll. *De Pedrorena* v. *Hotchkiss,* 95 Cal. 636, 30 P. 787; *Kritzer* v. *Tracy Engineering Co.,* 16 Cal. App. 287, 116 P. 700; *Woods* v. *Hyde,* 64 Cal. App. 433, 222 P. 168; *Perkins* v. *Loux,* 14 Idaho 607, 95 P. 694. However, even though the minutes may not be expressly included in the judgment roll by stat-

ute, still those minutes may contain an order or ruling of the court which is included in the judgment roll. Where such an order or ruling of the court is contained in a minute entry, that entry may properly be a part of the judgment roll. And the appellate court, where an appeal is taken on the judgment roll, will consider such entry for the purpose of determining what the order or ruling of the trial court was. *Perkins* v. *Loux,* supra.

The order in dispute in the instant case was made on demurrer and is therefore by statute made a part of the judgment roll. The minute entry showing what that order was is also a part of the judgment roll. But it is not conclusive as to what ruling the court made. And the fact that the minutes are signed by the judge does not necessarily make the minute entry the order given. *Spivey* v. *District Court,* 37 Idaho 774, 219 P. 203.

Thus we have before us the minute entry of the trial court, stating that the demurrer was sustained, as against the signed order of the same date, which makes no mention of such ruling, and subsequent proceedings which indicate the demurrer was not sustained but was either overruled or not passed on. Further, the judgment signed by the court recites that the cause came on for hearing on the complaint of the plaintiff, the second amended answer of defendants and plaintiff's reply thereto.

"While, in case of apparent conflict between different parts of the record, the appellate court will endeavor to harmonize and reconcile the different parts of the record so as to make them free from real conflict, and while matters properly a part of the record will prevail over matters not properly a part of the record, as in that case there is no conflict which the appellate court can consider, yet where there is a real conflict between different parts of the appeal record, the court will accept as true the recitals or showing in that part of the record in which they should properly appear; and in case of conflicting statements entitled to equal weight, the court will consider the whole record and put that construction on it which is consistent and which is evidently in accord with the facts, and where conflict appears the court may adopt that interpretation which is most conson-

ant with the action taken by the trial court." 4 C. J. S., Appeal and Error, § 1149, page 1629.

In the instant case the order, a copy of which was served on appellants, the subsequent reply of respondent, also served on appellants, the proceeding to trial of the case on its merits, the findings of fact and conclusions of law, and the final judgment of the trial court all indicate that the demurrer was not sustained. The minute entry is not sufficient to establish the contrary.

The proceedings of the trial court, therefore, were in order; and appellants are without any right to object to what transpired unless they relied on the minute entry so that their rights were prejudiced by the proceedings. As stated above, appellants made no such claim in the lower court. They have failed to show on appeal how they were misled or injured by what transpired below. Nor can we see any way in which appellants' rights could have been prejudiced. The order sustaining the demurrer to the counterclaim was served on appellants, as was respondent's reply to the second amended answer. The cause was tried on the merits, and the court made findings of fact, conclusions of law, and entered judgment thereon—all without objection on the part of appellants. No question was raised concerning the conduct of the trial court until after this appeal was taken. It follows that appellants' assignments of error under the first group indicated above must fail.

As to the assignments of error relative to the action of the trial court in sustaining respondent's demurrers to the counterclaim, the amended counterclaim and the second amended counterclaim, respectively, we are confronted with respondent's motion to "dismiss the assignments" on the ground that the counterclaims affirmatively show that they exist, if at all, in favor of only one of the appellants, D. E. Jenkins, while the appeal is a joint appeal and the assignments in question are joint and not separate or several. In support of its argument respondent cites *McQuire* v. *State Bank of Tremonton,* 49 Utah 381, 164 P. 494; *Johnston* v. *Geary,*

84 Utah 47, 33 P. 2d 757; *Diamond, etc., Mining Co.* v. *Faulkner*, 14 Colo. 438, 24 P. 548; 8 Bancroft Code Pr. and Rem. 8467.

In *McQuire* v. *State Bank of Tremonton*, supra this court said [49 Utah 381, 164 P. 495]:

"The bank and the defendant Cole, however, prosecute this as. a joint appeal, and also file a joint assignment of errors. It is well settled that, where several appellants jointly assign errors, unless the assignments are good as to all who join therein, they must be disregarded as to all" (citing 3 C. J. 1352 and Elliott on Appellate Procedure Section 318).

Holding that the joint assignment of errors was of no avail to the bank, we held that it likewise could not avail Cole.

In *Johnston* v. *Geary*, supra, we held that where the appeal and assignments were joint and the appeal had been perfected by only one of the joint appellants the appeal would be dismissed.

In *United States Building & Loan Ass'n* v. *Midvale Home Finance Corp. et al.*, 86 Utah 506, at page 512, 44 P. 2d 1090, at page 1092, the rule quoted supra from the McQuire case is approved in the following language:

"Their [cross appellants] notice of appeal and all their assignments of error are joint. * * * The law is settled in this jurisdiction, as well as in most others, that, 'where several appellants jointly assign errors, an assignment bad as to one of them must be held bad as to all.' "

See also: *Haley* v. *Wyte*, 169 Okl. 406, 38 P. 2d 910 (citing *McQuire* v. *State Bank*, supra); *Benedict* v. *Citizens' Nat. Bank of Casper*, 44 Wyo. 466, 13 P. 2d 573; *Fowler* v. *Newsom*, 174 Ind. 104, 90 N. E. 9; *Eastburn* v. *Board of Finance*, 100 Ind. App. 200, 194 N. E. 860; *Futvoye* v. *Chuites*, 224 Ala. 458, 140 So. 432; *Wimberly* v. *Cowan Inv. Corp.*, 5 Cir. 80 F. 2d 452, certiorari denied, 298 U. S. 654, 56 S. Ct. 674, 80 L. Ed. 1381.

In the instant case appellants assign error upon the part of the trial court in sustaining the demurrer to the counterclaim. But defendants did not elect to stand on said counterclaim. They filed an amended counterclaim. By so doing they waived the error, if any, in the ruling of the court. *Arp & Hammond Hardware Co.* v. *Hammond Packing Co.*, 33 Wyo. 77, 236 P. 1033; *Berry* v. *Barton*, 12 Okl. 221, 71 P. 1074, 66 L. R. A. 513; *Van Marel* v. *Watson*, 28 Ariz. 32, 235 P. 144; *Hartke* v. *Abbott*, 119 Cal. App. 439, 6 P. 2d, 578; *Pacific Mutual Life Ins. Co.* v. *O'Neil*, 36 Okl. 792, 130 P. 270; *Pearson* v. *Parsons*, 173 Cal. 336, 159 P. 1173. The demurrer to the first amended counterclaim was also sustained, whereupon a second amended counterclaim was filed—not by both appellants, but by D. E. Jenkins solely. He, by thus pleading over, waived any error in the ruling of the court on the first amended counterclaim. *Arp & Hammond Hardware Co.* v. *Hammond Packing Co.*, supra. Therefore, though appellant Mountain-Lakes Poultry Farms may be regarded as having elected to stand on the first amended counterclaim, as asserted by it jointly with appellant Jenkins, the latter, because of having elected to amend, could not question such ruling in this court; and the assignment as to the ruling on such counterclaim being bad as to him is bad also as to the other joint appellant.

The same conclusion must be reached as to the second amended counterclaim. It was pleaded by appellant Jenkins only. Though error were committed in sustaining the demurrer thereto, nevertheless Mountain-Lakes Poultry Farms was in nowise injured thereby and hence may not sustain an appeal therefrom. And since Jenkins joins with his co-defendant in assigning such error, the rule cited above relative to joint assignments of error results in the assignment being bad as to Jenkins as well as to the other appellant.

We are of the opinion, therefore, that the specified assignments are bad under the cases cited.

Having reached the conclusion that the errors complained of with reference to the sustaining of the demurrer to the second amended answer are not sustained by the record, and that those questioning the trial court's rulings on the demurrers to the counterclaims are bad, it follows that the judgment appealed from should be affirmed. It is so ordered. Costs to respondent.

MOFFAT, C. J., and PRATT, J., concur.

WOLFE, Justice (dissenting in part).

Without deciding whether the lower court erred in sustaining respondent's demurrer to the second amended counterclaim of appellant, D. E. Jenkins, we nevertheless dissent from the conclusion that where appellants jointly appeal or jointly assign errors all must fail unless the appeal is well taken as to all, or unless the assignments are good as to all. It is true that in *McQuire* v. *State Bank of Tremonton*, 49 Utah 381, 164 P. 494; *Johnston* v. *Geary*, 84 Utah 47, 33 P. 2d 757; and *United States Building & Loan Ass'n* v. *Midvale Home Finance Corporation*, 86 Utah 506, 44 P. 2d 1090, rehearing, 86 Utah 522, 46 P. 2d 672, we so held, and that this view has been the rule in this court. But we see no substantial reason for the rule. Where all appellants join in an appeal, they need give no notice of appeal to each other. All are by that procedure before the court. The only difference is that they may use a single piece of paper and omit from it the word "severally" in their notice of appeal. If all appealed separately, we would be under exactly the same duty to determine as to each whether his appeal was good as we are when they jointly appeal.

In the case where errors are jointly assigned there is a duty on the part of each of the parties who joins in the assignment to show how he is affected by the error. But that is only a duty which, in any case, the law would lay upon him. If he cannot show error *as to him,* whether he jointly or severally assigns error, *he* is entitled to no relief.

But there seems no reason why *all* should suffer the drastic penalty of being denied a new trial on account of prejudicial error because one or more joint assignors failed to show that the error affected him or them.

There is nothing in the statutes that we know of which compels such holding. The states that follow the rule of the prevailing opinion seem not to know why it exists but follow it from tradition. In Montana the rule seems to have been abrogated. *Harrington* v. *H. D. Lee Mercantile Co.*, 97 Mont. 40, 33 P. 2d 553. And several courts have cast a doubt upon the efficacy of the rule. See *Johnson* v. *Samuels*, 186 Ind. 56, 114 N. E. 977, 979. In that case it was said:

"It seems to the writer of this opinion that this rule is highly technical, to say the least, and serves more to confound than otherwise and should be abrogated entirely." See also *Fisher* v. *Thirkell*, 21 Mich. 1, 4 Am. Rep. 422.

LARSON, J., concurs.