393 P.2d 607

**SALT LAKE HARDWARE COMPANY,**
a corporation, Plaintiff-Respondent,

v.

Fred **STEFFLER** and Carl A. Blomberg,
Fred Steffler and Carl A. Blomberg, co-part-
ners, dba Rural Buyers Stores, and Fred
Steffler and Carl A. Blomberg, dba F & S
Distributors, Defendants-Appellants,

v.

E. W. **FERGUSON,** dba Fergie's Sales and
Service, and Morley Campbell, Third-
Party Defendants.

No. 9356.

Supreme Court of Idaho.

June 24, 1964.

A. A. Merrill and Albaugh, Bloem, Smith
& Pike, Idaho Falls, for appellants.

384

Sharp, Anderson & Bush, Idaho Falls, for respondent.

McFADDEN, Justice.

On August 13, 1962, Salt Lake Hardware Company, respondent herein, filed an action in the District Court against the defendants, appellants herein, who were engaged in a hardware and farm supply business. At the time this action was filed, one of respondent's counsel filed his affidavit for attachment. A written undertaking for the attachment, was also filed and a writ of attachment was issued by the Court. Notice of issuance of the attachment was duly given. The statements in the affidavit pertinent herein, are as follows:

"John M. Sharp being first duly sworn, says: That he is one of the attorneys for the plaintiff, and makes this affidavit upon information and belief and according to the best of his knowledge. * * *"

Two weeks later, appellants moved to dissolve the writ of attachment on the ground that the affidavit for attachment failed to comply with the statute of Idaho and was insufficient particularly in failing to comply with the requirements of I.C. § 8–502. After hearing, the trial court on March 6, 1963, rendered a memorandum decision, indicating appellants' motion would be denied as it failed " * * * to specify the grounds upon which said motion is

based, except to state generally, and not specifically, that the affidavit and undertaking (were) insufficient." In the memorandum decision, respondent's counsel was directed to prepare an order in conformity with the decision.

The next day, before any order was signed, appellants filed their amended motion to dissolve the writ of attachment, supported by an affidavit of one of the appellants. Six days later respondent filed an amended affidavit for attachment executed by the treasurer of respondent, affirmatively alleging facts to support the issuance of the writ of attachment and not upon information and belief as in the first affidavit for attachment. The same day, March 13, 1963, the court entered the order submitted by respondent, denominated "Order Denying Motion to *Dismiss* Attachment."

On March 14, 1963, appellant moved to strike the amended affidavit for attachment, and also filed their "Objections to Order Denying Motion to Dismiss Attachment." After a hearing the trial court entered its order on April 12, 1963, changing the denomination of the order of March 13, 1963, to read: "Order Denying Motion to Dissolve Attachment", and also denied appellants' motion to strike respondent's amended affidavit for attachment.

After stipulation of counsel that the court could consider appellants' amended motion to dissolve attachment on the basis of briefs previously submitted, the trial court on April 18, 1963, entered its order denying appellants' motion to dissolve the attachment.

Appellants appeal from the following orders of the trial court:

(1) Order of March 13, 1963, denying appellants' motion to dissolve the attachment.

(2) Order of April 12, 1963, denying appellants' "Amended Motion to Dissolve Writ of Attachment."

(3) Order of April 18, 1963, denying appellants' "Amended Motion to Dissolve Writ of Attachment."

Appellants assign as error the entry of each of the above orders, and the determination that the first affidavit for writ of attachment of August 13, 1962, was sufficient and that the second affidavit for writ of attachment could be filed March 12, 1963.

The first assignment of error directed to entry of the order of March 13, 1963, is not well founded. When appellants amended their motion to dissolve the writ of attachment, the day after the trial court had entered its memorandum decision to the effect that appellants' motion to dissolve was insufficient, they acquiesced in the order of the trial court and waived their right to appeal from such order. In order to attack that order, appellants had to stand upon the motion held to be defective. By

amending, appellants abandoned the original motion, and having thus abandoned it, it cannot now be considered as an existing pleading. Cable v. Olson, 52 Idaho 389, 15 P.2d 737; Shirts v. Shultz, 76 Idaho 463, 285 P.2d 479; Cooley v. Frank, 68 Wyo. 436, 235 P.2d 446, 449 (1951); Berry v. Barton, 12 Okla. 221, 71 P. 1074, 66 L.R.A. 513 (1902); Zion's Sav. Bank & Trust Co. v. Mountain-Lakes P. Farms, 98 Utah 410, 100 P.2d 212, 216 (1940); McDonough v. Foster, 47 Wash.2d 229, 287 P.2d 336 (1955); Harsh Montana Corporation v. Locke, 134 Mont. 150, 328 P.2d 926 (1958); 71 C.J.S. Pleading § 321, p. 716, and § 558, p. 1122 n. 76.

The main question presented is whether respondent could properly amend its affidavit for attachment. In Heaton v. Panhandle Smelting Co., Ltd., 32 Idaho 146, 152, 179 P. 510, this court held that an affidavit for attachment could not be amended. The decision in that case was rendered in March, 1919, and was based on the provisions of R.S. § 4323, which read:

"If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued it must be discharged."

In 1921, the legislature amended the provisions of that statute, (C.S. § 6814) by addition of the following:

" * * * provided that such attachment shall not be discharged if at or before the hearing of such application, the writ of attachment, or the affidavit, or undertaking upon which such attachment was based, shall be amended or made to conform to the provisions of this chapter." S.L.1921, Ch. 160, p. 354:

the amended version of the statute is now, I.C. § 8–536. Thus in light of this amendment, the principal question must be resolved by determining whether the amended affidavit for attachment filed by respondent was sufficient, and whether it was timely filed.

Examination of the amended affidavit reveals that it is in conformity with the requirements of I.C. § 8–502. It was made by the treasurer of respondent, and reflects it was made on behalf of the respondent, and in affirmative terms, not upon information and belief.

No hearing was had on appellants' amended motion to dissolve attachment, when the respondent's amended affidavit for attachment was filed. I.C. § 8–536 allows an amendment of the affidavit "at or before the hearing", and it is our conclusion that the amended affidavit filed on behalf of respondent was timely. The trial court correctly denied appellants' motion to strike respondent's amended affidavit for attachment, and also properly denied appellants' amended motion to dissolve the writ of attachment.

While appellants discuss other points in their brief, pertaining to sufficiency of the bond, no assignment of error is predicated thereon.

The orders appealed from are affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, TAYLOR, and SMITH, JJ., concur.